UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, upon relation and for the use of the TENNESSEE VALLEY AUTHORITY, <br><br> Plaintiff, <br><br> v. <br><br> AN EASEMENT AND RIGHT-OF-WAY OVER 0.98 ACRES OF LAND, MORE OR LESS, IN KNOX COUNTY, TENNESSEE, and JOYCE FRITTS, Trustee of the Joyce Fritts Family Trust, a Revocable Living Trust, <br><br> Defendants. | No. 3:24-CV-00037-DCLC-DCP |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Tennessee Valley Authority's Motion for Summary Judgment [Doc. 51], the TVA's Brief in Support of Motion for Summary Judgment [Doc. 53], Defendant Joyce Fritts's Response [Doc. 77], and the TVA's Reply [Doc. 83]. For the reasons herein, the Court will deny the TVA's motion.

**I. BACKGROUND**

Last year, the TVA initiated this action for the taking of property under the power of eminent domain. [Compl., Doc. 1]. Specifically, it condemned a permanent easement and right-of-way over Ms. Fritts's property—0.98 acres in Knox County—for "the erection, operation, and maintenance of electric power transmission circuits and communication circuits," [*id.* at 1], and it filed a declaration of taking and a deposit of $112,100.00 as its estimation of just compensation under the Declaration of Taking Act, 40 U.S.C. §§ 3114−3118, [Decl. of Taking, Doc. 1-3, at 1]. The sole dispute between the parties is whether the TVA's compensation is just.

The TVA now moves for summary judgment on whether $112,100.00 is just compensation for the taking of Ms. Fritts's property. Ms. Fritts opposes the TVA's motion. Having carefully considered the parties' arguments, the Court is now prepared to rule on the motion.

## II. LEGAL STANDARD

Summary judgment is proper when the movant shows, or "point[s] out to the district court," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), that the record—the admissions, affidavits, answers to interrogatories, declarations, depositions, or other materials—is without a genuine issue of material fact and that the movant is entitled to judgment as a matter of law, Fed. R. Civ. P. 56(a), (c). The moving party has the initial burden of identifying the basis for summary judgment and the portions of the record that lack genuine issues of material fact. *Celotex*, 477 U.S. at 323. The moving party discharges that burden by showing "an absence of evidence to support the nonmoving party's" claim or defense, *Celotex*, 477 U.S. at 325, at which point the nonmoving party, to survive summary judgment, must identify facts in the record that create a genuine issue of material fact, *id.* at 324.

Not any factual dispute will defeat a motion for summary judgment—the requirement is "that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the case's outcome under the applicable substantive law, *id.*, and an issue is "genuine" if the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In short, the inquiry is whether the record contains evidence that "presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. When ruling on a motion for summary judgment, a court must view the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378

(2007). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. ANALYSIS

Eminent domain is the United States's sovereign power to take private property for public use without a landowner's consent. *PennEast Pipeline Co., LLC v. New Jersey*, 594 U.S. 482, 487 (2021). The TVA has the power to exercise the right of eminent domain in the United States's name, 16 U.S.C. § 831c(h), though the Fifth Amendment requires the TVA to provide the landowner with "just compensation," *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9–10 (1984); *see Brown v. Legal Found. of Washington*, 538 U.S. 216, 233 (2003) ("When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner[.]" (quotation omitted)).

Just compensation is the fair market value of property on the date of the TVA's taking. *United States v. Miller*, 317 U.S. 369, 373–74 (1943). At trial, "[i]t is the landowner's burden to prove, by a preponderance of the evidence, what amount constitutes just compensation," or fair market value. *U.S. ex rel. TVA v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 756 (6th Cir. 2016) (citing *United States ex rel. TVA v. Powelson*, 319 U.S. 266, 273–74 (1943)).[1] "Property owners typically rely on expert opinion to establish [fair market] value." *United States v. An Easement & Right-of-Way over 3.74 Acres of Land*, 415 F. Supp. 3d 812, 819 (M.D. Tenn. 2019); *see Welch v. TVA*, 108 F.2d 95, 101 (6th Cir. 1939) ("Opinion evidence is relevant and frequently persuasive" as evidence of fair market value.).

---

[1] This is so because just compensation "is measured by the property owner's loss rather than the government's gain." *Brown v. Legal Found. of Wash.*, 538 U.S. 216, 235–36 (2003).

In keeping with this typical approach, Ms. Fritts relies on an appraisal from Gregory A. Bonneville, MAI, who opines that the proper amount of just compensation is $200,000.00. [Bonneville Appraisal, Doc. 48-2, at 3]. The TVA, however, argues that Mr. Bonneville formed his opinions "using an improper methodology," [TVA's Mem. at 6], and that the Court should, therefore, exclude them, [*id.* at 3, 6, 9].[2] Upon their exclusion, the TVA asserts that it "would be entitled to summary judgment arising from [Ms. Fritts's] failure of proof on an issue for which she has the evidentiary burden." [*Id.* at 9]; *see Celotex*, 477 U.S. at 323–24 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defense[s]."); *Jahn v. Equine Servs., PSC*, 233 F.3d 382, 387 (6th Cir. 2000) ("Summary judgment is, of course, closely linked with the *Daubert* analysis[.]"). If the Court were to exclude Mr. Bonneville's opinions, Ms. Fritts would indeed be in a precarious position, all but unable to prove that $200,000.00 is the proper amount of just compensation.

But importantly, the precise issue on which the TVA moves for summary judgment is whether Ms. Fritts is entitled to just compensation totaling $112,100.00. *See* [TVA's Mem. at 3 (arguing that "should Mr. Bonneville's opinions be excluded," the TVA would be entitled to "summary judgment awarding Defendant total compensation of $112,100"); *id.* at 9 ("[T]he Court should enter judgment awarding $112,100 as compensation for the property rights that were taken[.]")]. The exclusion of Mr. Bonneville's opinions, if warranted, would do nothing to show that $112,100.00 is the appropriate award of just compensation. Indeed, the record contains *no* evidence—affidavits, declarations, depositions, or any other evidence—indicating

---

[2] In a separate motion, the TVA has moved under Federal Rules of Evidence 702 and 703 and *Daubert v. Merrell Dow Pharmaceuticals Corp.*, 509 U.S. 579 (1993), to exclude Mr. Bonneville's opinions, and its motion is currently pending before United States Magistrate Judge Debra C. Poplin.

that $112,100.00 is just compensation under this case's specific facts,[3] and the TVA's deposit of $112,100.00 is not itself evidence of just compensation. *United States v. Miller*, 317 U.S. 369, 381 (1943); *Evans v. United States*, 326 F.2d 827, 829–30 (8th Cir. 1964). As the movant for summary judgment, the TVA—and not Ms. Fritts—carries the burden under the standard governing summary judgment, which, the TVA concedes, applies in condemnation actions like this one. [TVA's Mem. at 7].

Although the TVA, as the movant, does not shoulder the burden to produce evidence showing the absence of a genuine issue of material fact in the record, *Celotex*, 477 U.S. at 325, the lack of *any* evidence showing that $112,100.00 is just compensation leaves the Court unable to conclude that the record "is so one-sided that [the TVA] must prevail as a matter of law." *Anderson*, 477 U.S. at 252; *see United States ex rel. TVA v. Tree-Removal Rights with Respect to Land in Rhea Cnty.*, No. 1:21-CV-00235-DCLC-SKL, 2022 WL 1164413, at *2 (E.D. Tenn. Apr. 19, 2022) (granting summary judgment to the TVA when "[t]he TVA ha[d] put forward evidence that the fair market value of the [Defendants'] property is $500.00"); *United States for Use of TVA v. 0.0005 Acre of Land*, No. 3:21-cv-00249, 2022 WL 446014, at *2, 3 (M.D. Tenn. Feb. 14, 2022) (describing the TVA's motion for summary judgment as "properly supported" because the TVA "submitted the Declaration of Norman F. Steuer as evidence of the amount of just compensation").

If the Court were to exclude Mr. Bonneville's opinions *and* the only remaining record evidence were to show that $112,100.00 is just compensation, then the TVA would be entitled to summary judgment on the question of just compensation. Even if Mr. Bonneville's opinions

---

[3] Although the TVA has filed, in a separate docket entry from its motion for summary judgment, a declaration from James O. Turner, a certified appraiser, [Turner Decl., Doc. 48], nowhere in this declaration or in his report does he attest that $112,100 is the appropriate amount of just compensation in this case.

5

warrant exclusion, however, the record contains no evidence that $112,100.00 constitutes just compensation. The Court therefore cannot conclude, on this record, that the evidence is so one-sided that the TVA is entitled to summary judgment as to its contention that $112,100.00 is just compensation.

## IV. CONCLUSION

As the movant for summary judgment, the TVA fails to satisfy its burden of showing that it is entitled to summary judgment on the issue of just compensation. The TVA's motion for summary judgment [Doc. 51] is therefore **DENIED**. The trial date remains scheduled for **Tuesday, August 26, 2025, at 9:00 a.m.**

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge