UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| upon relation and for the use of the ) | |
| TENNESSEE VALLEY AUTHORITY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 3:24-CV-37-DCLC-DCP |
| AN EASEMENT AND RIGHT-OF-WAY ) | |
| OVER .098 ACRES OF LAND, MORE OR ) | |
| LESS, IN KNOX COUNTY, TENNESSEE, ) | |
| and JOYCE FRITTS, Trustee of the ) | |
| Joyce Fritts Family Trust, a Revocable Living ) | |
| Trust, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant Fritts's Motion for Order to Show Cause Pursuant to Federal Rule of Civil Procedure 11(c)(3) [Doc. 85]. Plaintiff responded in opposition to the motion [Doc. 88], and Defendant Fritts filed a reply [Doc. 89]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **DENIED** [**Doc. 85**].

I.  BACKGROUND

On November 5, 2024, United States District Judge Clifton Corker entered a Scheduling Order, requiring that all dispositive motions be filed on or before April 28, 2025 [Doc. 33 p. 1]. The Scheduling Order states, "Per Local Rule 7.1(a) the responding party(ies) shall have twenty-

one (21) days after the date a dispositive motion is filed to respond, after which time the Court may proceed to rule upon the motion on the basis of the record as it then appears" [*Id*. at 2–3 (emphasis omitted)].

On April 28, 2025, Plaintiff filed a motion for summary judgment [Doc. 51], a statement of undisputed material facts [Doc. 52], and a memorandum in support thereof [Doc. 53] (collectively, "Initial Filings"). Later, on May 19, 2025, Defendant Fritts filed a response to the motion [Doc. 77], a response to Plaintiff's statement of undisputed material facts [Doc. 78], and a brief in support of her response [Doc. 79] (collectively, "Response Filings"). On May 27, 2025, Plaintiff file a reply to Defendant Fritts's response to the statement of undisputed material facts [Doc. 82] and a reply in support of its motion for summary judgment [Doc. 83] (collectively, "Reply Filings").

Approximately a week later, Defendant Fritts filed the instant motion, seeking a show cause order [Doc. 85]. For grounds, she states that Plaintiff violated Judge Corker's Scheduling Order by filing its Reply Filings [*Id*. at 1, 4–6]. In addition, she contends that Plaintiff made representations in the Reply Filings that are "[f]actually [u]nsupportable" [*Id*. at 2–4]. For relief she requests that the Court:

>   (a)  Issue an Order to Show Cause under Federal Rule of Civil Procedure 11(c)(3), directing Plaintiff, TVA and TVA attorney[]s to show cause why sanctions should not be imposed for its violation of Rule 11(b);
>
>   (b)  Upon failing to show cause, impose sanctions on Plaintiff, TVA and TVA attorney[]s under Rule 11(c)(1), including, but not limited to, deny or strike the Motion (Docs. 51 to 53), strike the filings (Doc 82 and Doc 83), award Defendant reasonable expenses, including attorney's fees, incurred for the motion, and impose a sanction "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Rule 11(c)(4).

2

> (c) If the Court determines that the briefing schedule in the Scheduling Order 33, Paragraph 5.b. has not set aside Local Rule 7.1(a), grant Defendant 7 days to reply to Plaintiff's Documents 82 and 83.
>
> (d) Award Defendant such other and further relief as the Court deems just and proper, including the imposition of monetary sanctions, if appropriate

[*Id*. at 7–8].

Plaintiff filed a response stating that Defendant Fritts did not comply with the procedural requirements of Rule 11(c)(2) [Doc. 88 p. 5]. It argues that it was allowed to file its Reply Filings, and to the extent the Court disagrees, it asks that the Court accept them under its inherent authority or allow it to seek leave to file them under Local Rule 7.1(e) [*Id*. at 7]. Plaintiff asserts that the additional facts cited in its Reply Filings are supported by the record [*Id*. at 7–9].

Defendant Fritts filed a reply, maintaining that Plaintiff violated the Scheduling Order [Doc. 89 pp. 3–11]. She contends that she did not need to comply with Rule 11(c)(2) because she filed her motion under Rule 7(b), and she seeks a show cause order so that "the Court [may] act on its own initiative" [*Id*. at 6]. According to Defendant Fritts, "[Plaintiff] fails to controvert all of [her] facts" [*Id*. at 11].

After the parties' filings, on July 11, 2025, Judge Corker denied Plaintiff's motion for summary judgment [Doc. 105].

## II. ANALYSIS

As an initial matter, the Court observes that Defendant Fritts seeks a show cause order under Rule 11(c)(3), and not sanctions. Rule 11(c)(3) states, "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). The parties do not address whether Defendant

3

Case 3:24-cv-00037-DCLC-DCP   Document 131   Filed 07/28/25   Page 3 of 9
PageID #: 2523

Fritts may proceed under Rule 11(c)(3).[1]  Allowing her to proceed under Rule 11(c)(3) "ignores . . . the fact that Rule 11(c)(2) provides the proper means for one party to seek sanctions against another."  *Optigen, LLC v. Animal Genetics, Inc.*, No. 510CV940, 2011 WL 13234395, at *7 (N.D.N.Y. May 23, 2011).  Further, it allows her to bypass the procedural requirements of a Rule 11(c)(2) motion.  *See* Fed. R. Civ. P. 11(c)(2) (explaining that a motion for sanctions must be made separately and that the motion must be presented to the opposing party within 21 days before filing).  Defendant Fritts's request does not comply with either requirement.  Nevertheless, the Court has considered the motion but finds it to be without merit.

"Rule 11 . . . imposes a legal duty on attorneys to certify any papers filed with the court are legally tenable."  *Teno v. Iwanski*, 464 F. Supp. 3d 924, 934 (E.D. Tenn. 2020).  It states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

---

[1] Defendant Fritts states that she is proceeding under Rule 7(b), but that rule merely sets forth the requirements for seeking relief.  *See* Fed. R. Civ. P. 7(b).

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)–(4).

"When deciding whether to impose Rule 11 sanctions, a court should consider 'whether an individual's conduct was reasonable under the circumstances.'" *Teno*, 464 F. Supp. 3d at 934 (quoting *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997)). According to the United States Court of Appeals for the Sixth Circuit, whether sanctions are appropriate is an objective standard—that is, "A judge should not use hindsight to determine the reasonableness of an attorney's acts, but should use an objective standard of what a reasonable attorney would have done at that time." *In re Triple S Restaurants, Inc.*, 519 F.3d 575, 579 (6th Cir. 2008) (citing *In re Big Rapids Mall Assocs.*, 98 F.3d 926, 930 (6th Cir. 1996)). "The decision to award Rule 11 sanctions is within the discretion of the district court." *Teno*, 464 F. Supp. 3d at 934 (citations omitted).[2]

Defendant Fritts seeks sanctions for two reasons. First, she argues that Plaintiff's Reply Filings were not allowed under Judge Corker's Scheduling Order, Local Rule 7.1(a), or the parties' Rule 26(f) report. Local Rule 7.1(a) states:

> Unless the Court notifies the parties to the contrary, the briefing schedule for all motions shall be: (1) the opening brief and any accompanying affidavits or other supporting material shall be served and filed with the motion; (2) the answering brief and any accompanying affidavits or other material shall be served and filed no later than 14 days after the service of the opening brief, except that parties shall have 21 days in which to respond to dispositive motions; (3) any reply brief and accompanying material shall be served and filed no later than 7 days after the service of the answering brief. The above briefing schedule may be set aside if

---

[2] As this Court has noted, "Rule 11 itself does not delineate the factors a court should consider when deciding whether to impose sanctions." *Teno*, 464 F. Supp. 3d at 935. But the Advisory Committee notes identify several factors. *See id.* (identifying the list of relevant factors).

5

> ordered by the Court, or if within 14 days after the filing of a motion,
> a stipulated briefing schedule is approved by the Court.

E.D. Tenn. L.R. 7.1(a). The parties' Rule 26(f) report states, "The parties shall have until December 6, 2024, to file dispositive or *Daubert* motions" [Doc. 22 p. 3].

Defendant Fritts submits that Judge Corker modified the briefing schedule with his Scheduling Order. However, neither the Scheduling Order nor the parties' Rule 26(f) report prohibits the filing of a reply brief. Rather, they simply do not address the filing of a reply brief, and such is permissible under Local Rule 7.1(a) [*See* Doc. 22 p. 3; Doc. 33 pp. 2–3]. And as Plaintiff notes, "Defendant Fritts . . . alleged six additional facts" in responding to Plaintiff's Initial Filings" [Doc. 88 p. 6]. If Plaintiff did not respond to the additional facts, Rule 56(e) states that the Court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). The undersigned therefore does not find a show cause order appropriate order under Rule 11.

Second, Defendant Fritts contends Plaintiff presented facts that were not supported by the record [Doc. 85 pp. 2–3]. But Plaintiff has set forth the disputed facts and has set forth citations that supports its statements [*See* Doc. 88 pp. 7–8]. For instance, Defendant Fritts states that in Plaintiff's Reply Filings, "[it] now changes its representation to refer to the stipulation (Doc. 26) as 'by Joyce Fritts'" [Doc. 85 p. 2 (citing Doc. 82 p. 2; Doc. 83 p. 7)]. The stipulation, however, states: "(1) Plaintiff will not take the deposition of Joyce Fritts[,] and (2) Joyce Fritts will not testify or proffer evidence for any purpose" [Doc. 26 p. 1]. This does not warrant a show cause order under Rule 11.

In addition, Defendant Fritts argues that "Plaintiff misrepresents and distorts the fact that the Trust owns the property" [Doc. 85 p. 2 (citation omitted)]. Plaintiff argued in its Reply Filings that Garner Fritts ("Mr. Fritts") is not competent to offer lay testimony about the value of the property because "Joyce Fritts, Trustee of the Joyce Fritts Family Trust, a Revocable Living Trust

6

Case 3:24-cv-00037-DCLC-DCP   Document 131   Filed 07/28/25   Page 6 of 9
PageID #: 2526

owns the subject property" [Doc. 83 p. 5]. But this statement is found in the pleadings. Plaintiff alleged in the Complaint, "Joyce Fritts, Trustee of the Joyce Fritts Family Trust, a Revocable Living Trust, owns the property in fee simple" [Doc. 1 ¶ 6(a)]. Defendant Fritts admitted this fact [Doc. 17 ¶ 6]. This does not warrant a show cause order under Rule 11.

Further, Defendant Fritts submits that "Plaintiff mispresents that Mr. Garner Fritts has 'no opinion of value' and fails to candidly represent Mr. Fritts'[s] deposition" [Doc. 85 pp. 2–3 (citing Doc. 83 p. 7)]. In Plaintiff's Reply Filings, it argued "[Mr. Fritts] affirmatively testified that he had not formed any opinion and that he was not qualified to do so" [Doc. 83 p. 7]. Defendant Fritts states that Mr. Fritts did provide an opinion on the before and after take values [Doc. 85 pp. 2–3 (citing Doc. 78-4 pp. 3–4)]. But during Mr. Fritts's deposition, he testified the $800,000 was a starting point for the before take value and that $575,000 is "potentially" the after take value [Doc. 78-4 pp. 3–4]. He commented that the values were "fluid" and that "[w]e would have to assess" to determine the "final number" [*Id.* at 2–3]. Later, in his deposition, he made similar comments, noting that he did not have a dollar figure, and he described the situation as "fluid" [Doc. 83 p. 7 (citation omitted)]. This does not warrant a show cause order under Rule 11.

Defendant Fritts also states that Plaintiff calls Mr. Fritts's affidavit "self-serving," wherein Mr. Fritts stated that he was the Trust's power of attorney for purposes of testifying [Doc. 85 p. 3 (citing Doc. 82 p. 1)]. In its Reply Filings, Plaintiff characterizes Mr. Fritts's affidavit as "self-serving[,]" noting that the affidavit "is untitled, undated, unsworn, and merely establishes a principal-agent relationship" [Doc. 82 p. 1]. The Court does not find that Plaintiff's characterization of Mr. Fritts's affidavit warrants a show cause order under Rule 11.

Defendant Fritts contends that Plaintiff no longer agreed with her July 1, 2024 letter [Doc. 85 p. 3 (citing Doc. 78-1)]. In its Reply Filings, Plaintiff explained that Defendant Fritts's July 1

7

Case 3:24-cv-00037-DCLC-DCP   Document 131   Filed 07/28/25   Page 7 of 9
PageID #: 2527

letter stated that "[Mr.] Fritts would testify on behalf of the landowner (Trust) and Joyce Fritts would not testify" [Doc. 82 p. 2]. Plaintiff acknowledged that it received the July 1 letter but denied that Mr. Fritts testified as the legal representative of the trust or that he had standing to do so [*Id*.]. Plaintiff's challenge to Mr. Fritts's capacity in this case is not grounds for a show cause order under Rule 11.

Defendant Fritts further states that "Plaintiff picks and chooses when [Mr.] Fritts is acting in [his] individual capacity" [Doc. 85 p. 3 (citations omitted)]. But Defendant Fritts's argument relates to whether Plaintiff deposed Mr. Fritts as the Rule 30(b)(6) witness [*See* Docs. 82 pp. 2–3]. Plaintiff claims that it did not, and it relies on its email withdrawing its Rule 30(b)(6) notice and its notice setting Mr. Fritts's deposition [Doc. 82 p. 2 (citing Docs. 78-2 & 78-3)]. This does not warrant a show cause order under Rule 11. And for the same reasons, Defendant Fritts's argument that Plaintiff claims it deposed Mr. Fritts in his personal capacity does not warrant a show cause order under Rule 11.

Finally, Defendant Fritts states that "Plaintiff now raises its amount of summary judgment to $144,225 from $112,100, which further belies Plaintiff's position that there are no genuine issues of fact" [Doc. 85 p. 4 (citation omitted)]. But she fails to explain how this would warrant a show cause order under Rule 11.

In summary, "courts typically issue orders to show cause under Rule 11(c)(3) only for egregious violations of Rule 11(b)." *Optigen, LLC*, 2011 WL 13234395, at *7. The parties' disputes over the facts in this case are not sanctionable.

8

## III.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS**[3] that the District Judge **DENY** Defendant Fritts's Motion for Order to Show Cause Pursuant to Federal Rule of Civil Procedure 11(c)(3) [**Doc. 85**].[4]

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[3]   Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[4]   Any request of Defendant to file a surreply [*see supra* at 3] is moot given the Court's ruling on Plaintiff's Motion for Summary Judgment [Doc. 105].