UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, upon relation and for the use of the TENNESSEE VALLEY AUTHORITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:24-CV-00037-DCLC-DCP |
| AN EASEMENT AND RIGHT-OF-WAY OVER 0.98 ACRES OF LAND, MORE OR LESS, IN KNOX COUNTY, TENNESSEE, and JOYCE FRITTS, Trustee of the Joyce Fritts Family Trust, a Revocable Living Trust, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Tennessee Valley Authority's Motion in Limine [Doc. 93], the TVA's Memorandum in Support [Doc. 94], Defendant Joyce Fritts's Response [Doc. 108], and the TVA's Reply [Doc. 116].

Last year, the TVA initiated this action for the taking of property under the power of eminent domain. [Compl., Doc. 1]. Specifically, it condemned a permanent easement and right-of-way over Ms. Fritts's property—0.98 acres in Knox County—for "the erection, operation, and maintenance of electric power transmission circuits and communication circuits," [*id.* at 1], and it filed a declaration of taking and a deposit of $112,100.00 as its estimation of just compensation under the Declaration of Taking Act, 40 U.S.C. §§ 3114−3118, [Pl.'s Decl. of Taking, Doc. 1-3, at 1]. ]. The TVA's condemnation of Ms. Fritts's property is part of the Hardin Valley Transmission Project, which affects seventy-nine other properties. The easement on the

condemned portion of Ms. Fritts's property essentially bisects her property, so that remnants of her property abuts either side of the easement:



The sole dispute between the parties is whether the TVA's compensation is just. *See Brown v. Legal Found. of Wash.*, 538 U.S. 216, 233 (2003) ("When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner[.]" (quotation omitted)). Ahead of the upcoming trial on this dispute, the TVA makes twenty-one separate requests to exclude evidence in limine, and Ms. Fritts contends that the Court should grant in part and deny in part the TVA's motion.

A district court's authority to rule on an evidentiary motion in limine comes from its "inherent authority to manage the course of trials," rather than a specific provision of the Federal Rules of Evidence or the Federal Rules of Civil Procedure. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citation omitted). A district court's choice to grant or deny a motion in limine is, therefore, "purely discretionary." *United States v. Certain Land Situated in Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982). The function of a motion in limine is to bar evidence that is "clearly inadmissible for any purpose." *Contract Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2012 WL 2529214, at *1 (E.D. Tenn. June 29, 2012) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)). "Unless evidence meets this high standard," a district court will not exclude evidence in limine. *Id.* The party moving to exclude evidence in limine has the burden of meeting this high standard. *Smith v. Highland Park Ruritan Club*, No. 3:06-CV-351, 2008 WL 2669107, at *3 (E.D. Tenn. June 27, 2008).

### 1. TVA's First Request in Limine

As to the TVA's first request in limine, it maintains that the Court should preclude Ms. Fritts from offering witnesses or exhibits that she did not disclose under Federal Rule of Civil Procedure 26(a). [Pl.'s Mem. at 5–6]. Ms. Fritts states that she does not "not generally oppose" the TVA's request—an equivocal statement that reads neither as opposition nor non-opposition. [Def.'s Resp. at 4]. In any case, the TVA does not identify any specific witnesses or exhibits that Ms. Fritts has failed to timely disclose under Rule 26(a). The TVA's first request in limine is therefore **DENIED**. *See* E.D. Tenn. L.R. 7.1(b) ("Briefs shall include . . . the *factual* and legal grounds which justify the ruling sought from the Court" (emphasis added)).

### 2. TVA's Second Request in Limine

As to the TVA's second request in limine, the TVA argues that the Court should limit Ms. Fritts's expert appraiser Gregory Bonneville's testimony so that it conforms to the Court's forthcoming ruling on the parties' pending dispute under Federal Rules of Evidence 702 and 703 and *Daubert v. Merrell Dow Pharmaceuticals Corp.*, 509 U.S. 579 (1993). [Pl.'s Mem. at 6]. Ms. Fritts opposes this request because the "TVA's showing, at this point, is insufficient to allow the Court to determine that all Mr. Bonneville's testimony is clearly inadmissible on all potential grounds." [Def.'s Resp. at 6].

United States Magistrate Judge Debra C. Poplin recently recommended that the Court exclude Mr. Bonneville's opinion on just compensation, and Ms. Fritts has timely objected to Magistrate Judge Poplin's recommendation, which is pending the Court's adjudication. [Def.'s Objs., Doc. 137]. "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion," *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citation omitted)), and the Court, which intends to address her recommendation on the merits in short order, can fathom no reason to offer an advisory opinion on that recommendation here on a motion in limine. The Court therefore reserves ruling on the TVA's second request in limine, which it will effectively address in resolving Ms. Fritts's objections.

### 3. TVA's Third Request in Limine

As to the TVA's third request in limine, it argues that the Court should bar Ms. Fritts from testifying because she previously stipulated that she would not testify. [Pl.'s Mot. at 6]. Ms. Fritts does not oppose this request so long as Garner Fritts, Ms. Fritts's son, whom Ms. Fritts describes as "a resident of the property" and the "next in line to be the trustee," may offer lay testimony about the value of the property at issue. [Def.'s Resp. at 6].

4

The Court will not permit Ms. Fritts to renege on her stipulation or render it conditional in any way. "Stipulations voluntarily entered by the parties are binding, both on the district court and on [the Sixth Circuit]," *Fed. Deposit Ins. Corp. v. St. Paul Fire & Marine Ins. Co.*, 942 F.2d 1032, 1038 (6th Cir. 1991), and in a document that Ms. Fritts's attorney jointly signed with the TVA and filed with the Court, the parties stipulated as follows:

**STIPULATION REGARDING DISCOVERY OF AND EVIDENCE
PROFFERED BY DEFENDANT**

Plaintiff and Defendant stipulate for all purposes in this action, including trial, that (1) Plaintiff will not take the deposition of Joyce Fritts and (2) Joyce Fritts will not testify or proffer evidence for any purpose.

[Joint Stipulation, Doc. 26, at 1]. This stipulation is pellucid, and Ms. Fritts's effort to extricate herself from it is problematic both legally and ethically. "If a trial judge can . . . ignore a clear stipulation of the parties, the incentive to enter stipulations is eliminated," and "[w]orse yet, it offers a whole new ground for strategic behavior, as the parties can try to get the trier of fact to pass on matters that have already been agreed to." *Id.* at 1038. The TVA's third request in limine is therefore **GRANTED**, and the Court will bar Ms. Fritts from testifying at trial.

### 4. TVA's Fourth Request in Limine

As to the TVA's fourth request in limine, it contends that the Court should bar Garner Fritts from giving lay testimony about the value of the property at issue because he is "not competent" to offer this testimony. [Pl.'s Mot. at 6–7]. Ms. Fritts counters this contention by asserting that Garner Fritts is her successor as trustee of the property, has lived at the property since it was built, and will offer "an opinion as to [its] value based upon more than mere conjecture." [Def.'s Resp. at 6, 7]. "Witnesses testifying as to value must appear to have some peculiar means of forming an intelligent and correct judgment beyond what is presumed to be

5

possessed by persons generally," and "triers of fact may take counsel of their own experience and knowledge of like subjects." *Welch v. TVA*, 108 F.2d 95, 101 (6th Cir. 1939).

In this vein, Garner Fritts's testimony may be admissible as a lay opinion—i.e., as an opinion that he forms from his "commonly understood considerations of worth flowing from his perceptions and knowledge of the property." *United States v. Easements & Rights-of-Way over a Total of 15.66 Acres*, 315 F. Supp. 3d 1353, 1372 (N.D. Ga. 2018); *see U.S. ex rel. & for Use of TVA v. Easement & Right of Way 200 Feet Wide*, 405 F.2d 305, 307 (6th Cir. 1968) ("Regarding the competency of witnesses in cases of this nature, opinion evidence usually may be admitted from those who are not strictly experts, the test being whether it can be shown the witness knows the land and its surroundings and has an opinion as to value based upon more than mere conjecture." (citations omitted)); *see also United States v. Sowards*, 370 F.2d 87, 92 (10th Cir. 1966) ("It is the general rule that an owner, because of his ownership, is presumed to have special knowledge of the property and may testify as to its value." (citations omitted)); *Arkansas Natural Gas Co. v. Sartor,* 78 F.2d 924, 927 (5th Cir. 1935) ("It is also well settled that value may be shown by the opinion of any competent person having knowledge of the facts, whether an expert or an ordinary witness."). But importantly, a lay witness who testifies about a property's value "may not substitute [his] inexperienced opinions for those of witnesses of special knowledge." *Welch*, 108 F.2d at 101 (citation omitted); *see Sowards*, 370 F.2d at 92 ("[T]he owner's qualification to testify does not change the 'market value' concept and permit him to substitute a 'value to me' standard for the accepted rule[.]'").

So while a lay witness may offer his opinion about his property's value under Federal Rule of Evidence 701, he does not have "*carte balance* to espouse any opinion he pleases on the value of his land, free from the constraints of Rule 702 and *Daubert*." *Easements & Rights-of-*

6

*Way over a Total of 15.66 Acres*, 315 F. Supp. 3d at 1371–72. The Court, therefore, will permit Garner Fritts to testify about "commonly understood considerations of worth flowing from his perceptions and knowledge of the property," *id.* at 1372, but it will not permit him to "cross[] into expert testimony," i.e., any testimony based on "technical or specialized knowledge more broadly," *id.* The TVA's fourth request in limine is therefore **DENIED**.

### 5. TVA's Fifth Request in Limine

As to the TVA's fifth request in limine, the TVA argues that the Court should exclude evidence that is "inconsistent" with its Declaration of Taking [Pl.'s Mot. at 7 at 2], in which it states that it intends to use the property for "the erection, operation, and maintenance of electric power transmission circuits and communication circuits," [Decl. of Taking, Doc. 1-3, at 2]. In the TVA's view, any evidence that shows a different use from "the plans referenced in the declaration of taking" is speculative, hypothetical, and therefore not relevant. [*Id.*]. Ms. Fritts opposes the TVA's effort to exclude this evidence in limine, arguing that the TVA has already departed from its declared use of the property in the Declaration of Taking. [Def.'s Resp. at 9]. The Court reserves ruling on the TVA's fifth request in limine until it hears the evidence at trial. *See Olson v. United States*, 292 U.S. 246, 257 (1934) (indicating that any circumstances that are "fairly shown to be reasonably probable" in affecting a property's value are not speculative).

### 6. TVA's Sixth Request in Limine

As to the TVA's sixth request in limine, the TVA urges the Court to exclude evidence of its "construction activities," "project plans," and "costs," arguing that it "has no relevance to the value" of the property. [Pl.'s Mot. at 8]. The TVA points out that United States Magistrate Judge Debra C. Poplin has already ruled that discovery of the TVA's construction activities, project plans, and costs are not relevant. [*Id.*]. Ms. Fritts, however, notes that she has objected

to Magistrate Judge Poplin's ruling and that her objections are pending the Court's adjudication. [Def.'s Mot. at 9–10]. The Court reserves ruling on the TVA's sixth request in limine, which it will address in resolving Ms. Fritts's objections.

### 7. TVA's Seventh Request in Limine

As to the TVA's seventh request in limine, the TVA maintains that the Court should exclude evidence of any witness's age, physical condition, and marital status because it is not relevant to the jury's determination of just compensation. [Pl.'s Mot. at 8]. Ms. Fritts opposes this request, arguing that the TVA fails to show that "such evidence is clearly inadmissible on all potential grounds." [Def.'s Resp. at 12]. The lone issue in this case is just compensation. Just compensation is the fair market value of property on the date of the TVA's taking, *United States v. Miller*, 317 U.S. 369, 373–74 (1943), and "[t]he correct measure of compensation for an easement, as for any partial taking, is the difference in fair market value of the whole tract before and after the taking," *U.S. ex rel. TVA v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 756 (6th Cir. 2016) (alteration in original) (citation omitted)).

Although relevant evidence is expansively defined as evidence that "has any tendency" to make a fact or consequence "more or less probable than it would be without the evidence," Fed. R. Civ. P. 401(a), a witness's age, physical health, and marital status are simply of no consequence to a determination of the property's fair market value, *see* Fed. R. Evid. 401(b) (stating that relevant evidence must be "of consequence in determining the action"). Ms. Fritts argues otherwise, asserting that the age of the property's occupants is relevant because it is "a key factor" to the property's utility. [Def.'s Resp. at 12]. Maybe so, but it is of no consequence in a condemnation action. *See Olson* 292 U.S. at 708 (stating that just compensation "does not depend upon the uses to which [the owner] has devoted his land"); *U.S. ex rel. TVA v. Easement*

*& Right of Way 100 Feet Wide*, 447 F.2d 1317, 1319 (6th Cir. 1971) ("[J]ust compensation is not the value to the owner for his peculiar purpose." (citing *United States v. Petty Motor Co.*, 327 U.S. 372, 378 (1946)). The TVA's seventh request in limine is therefore **GRANTED**.

### 8. TVA's Eighth and Ninth Requests in Limine

As to the TVA's eighth and ninth requests in limine, the TVA seeks the exclusion of evidence and argument as to Ms. Fritts's unaccepted offers for the purchase of the property and future plans for the development of the property. [Pl.'s Mot. at 9]. Ms. Fritts's does not oppose these requests, [Def.'s Resp. at 12], and they are therefore **GRANTED**.

### 9. TVA's Tenth Request in Limine

As to the TVA's tenth request in limine, the TVA argues that the Court should exclude evidence of Ms. Fritts's and future buyers' personal fears and health-related concerns about the erection of transmission lines and their generation of electromagnetic fields ("EMFs") [Pl.'s Mot. at 10]. Ms. Fritts pushes back against this request because, in her view, "EMF's do impact market value." [Def.'s Resp. at 14]. EMFs are indeed relevant to a property's market value if they affect it in the eyes of the "buying *public*." *Easement & Right of Way 200 Feet Wide*, 405 F.2d at 309 (emphasis added).

Ms. Fritts's *personal* fears and health-related apprehensions about EMFs are therefore irrelevant, but prospective buyers' fears and health-related concerns are potentially relevant. If Ms. Fritts wishes to elicit testimony from a qualified witness who will testify about how EMFs will affect the property's market value from the perspective of prospective buyers, she may do so, so long as she has made the requisite disclosures under Rule 26. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply on a motion, at a hearing, or at

a trial, unless the failure was substantially justified or is harmless."). So to the extent the TVA moves to exclude evidence that Ms. Fritts has personal fears and health-related concerns about EMFs, the TVA's tenth request in limine is **GRANTED**, but to the extent the TVA moves to exclude evidence that "certain segments of the buying public may [be] apprehensive of these high voltage lines, and therefore might be unwilling to pay as much for the property as they otherwise would," the TVA's tenth request in limine is **DENIED**. *Easement & Right of Way 100 Feet Wide*, 405 F.2d at 309.

### 10. TVA's Eleventh Request in Limine

As to the TVA's eleventh request in limine, the TVA asks for the exclusion of evidence and argument relating to its deposit of $112,100.00, which it made as its estimation of just compensation under the Declaration of Taking Act, [Pl.'s Mot. at 11]. Ms. Fritts does not oppose this request, [Def.'s Resp. at 15], and it is therefore **GRANTED**.

### 11. TVA's Twelfth Request in Limine

As to the TVA's twelfth request in limine, the TVA seeks the exclusion of evidence of its pre-condemnation appraisal of the property, arguing that "it is not relevant to the issue of compensation." [Pl.'s Mot. at 12]. Ms. Fritts opposes this request, arguing that the TVA relies on case law that is off point because it cites only cases in which courts have held that a *deposit* under the Takings Act is irrelevant to fair market value. [Def.'s Resp. at 15]. She is correct in her assessment of the cases that the TVA cites. *See* [Pl.'s Mot. at 12].

Appraisals are, of course, highly relevant evidence in condemnation cases. *See U.S. ex rel. TVA v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 747 (6th Cir. 2016) (referring to the testimony of the TVA's appraiser); *U.S. ex. rel. TVA v. Tree-Removal Rights with Respect to Land in McNair Cnty.*, No. 15-1008, 2015 WL 549943, at *3 (W.D. Tenn. Sept. 16, 2015) (stating

10

that an appraisal is dispositive when it is uncontested); *United States v. Block 44*, 177 F.R.D. 687, 690 (M.D. Fla. 1997) (recognizing that the United States's "precondemnation appraisal" is "designed to determine the fair market value of the property"). The TVA provides the Court with no basis to view its own appraisal any differently, and as the movant with the burden of showing that its appraisal is "clearly inadmissible for any purpose," *Contract Mgmt*, 2012 WL 2529214 at *1 (quotation omitted), the TVA fails to meet that heavy burden. Its twelfth request in limine is therefore **DENIED**.

### 12. TVA's Thirteenth Request in Limine

As to the TVA's thirteenth request in limine, the TVA seeks the exclusion of evidence and argument relating to the parties' negotiations and settlement offers. [Pl.'s Mot. at 13]. Ms. Fritts opposes this request, but unpersuasively. [Def.'s Resp. at 16–17]. The TVA's thirteenth request in limine is **GRANTED**. *See Sharp v. United States*, 191 U.S. 341, 348–49 (1903) ("It is, at most, a species of indirect evidence of the opinion of the person making such offers as to value the land," and "it is of a nature entirely too uncertain, shadowy, and speculative to form any solid foundation for determining the value of the land which is sought to be taken in condemnation proceedings."); *see also Wash. Metro. Area Transit Auth. v. One Parcel of Land in Montgomery Cnty.*, 548 F.2d 1130, 1131 (4th Cir. 1977) ("[A] landowner who rejects a pre-condemnation offer . . . may not introduce that offer as proof of value when the government condemns the property."); *Univ. Computing Co. v. Lykes–Youngstown Corp.*, 504 F.2d 518, 545 (5th Cir. 1974) ("It is clear that as a general rule, unaccepted offers are improper evidence by which to estimate value." (footnote omitted)); *United States v. Regents of N.M. Sch. of Mines*, 185 F.2d 389, 391 (10th Cir. 1950) ("The primary reasons underlying the rule are that evidence of that kind is often speculative, usually no opportunity is offered for cross-examination of the

11

persons said to have made the offers, and collateral inquiries are injected into the case which may tend to confuse the main issue.").

### 13. TVA's Fourteenth Request in Limine

As to the TVA's fourteenth request in limine, the TVA maintains that the Court should exclude evidence of attorneys' fees and costs. [Pl.'s Mot. at 14]. Ms. Fritts agrees. [Def.'s Resp. at 17]. The TVA's fourteenth request in limine is therefore **GRANTED**.

### 14. TVA's Fifteenth Request in Limine

As to the TVA's fifteenth request in limine, the TVA seeks the exclusion of evidence of its other condemnations, namely its acquisitions of easements in other cases, which it contends are irrelevant to this case. [Pl.'s Mot. at 14]. Ms. Fritts opposes the TVA's request. [Def.'s Mot. at 17]. The Court cannot conclude, at this time, that the TVA's acquisitions of easements in other cases, to the extent those acquisitions involve the Harden Valley Transmission Project, are clearly inadmissible for *any* purpose. *See infra* [The TVA's seventeenth request in limine and accompanying text]. The Court therefore reserves ruling on the TVA's fifteenth request in limine until it hears the evidence at trial.

### 15. TVA's Sixteenth Request in Limine

As to the TVA's sixteenth request in limine, the TVA moves to exclude all evidence and argument as to its "acquisition of parcels of land for transmission line projects other than the subject property." [Pl.'s Mot. at 15]. Ms. Fritts opposes the TVA's request. [Def.'s Resp. at 19]. The Court cannot conclude, at this time, that the TVA's acquisitions of land other than Ms. Fritts's, to the extent those acquisitions involve the Harden Valley Transmission Project, are clearly inadmissible for *any* purpose. *See infra* [The TVA's seventeenth request in limine

Case 3:24-cv-00037-DCLC-DCP    Document 141    Filed 08/11/25    Page 12 of 15
PageID #: 2647

and accompanying text]. The Court therefore reserves ruling on the TVA's sixteenth request in limine until it hears the evidence at trial.

### 16. TVA's Seventeenth Request in Limine

As to the TVA's seventeenth request in limine, the TVA seeks the exclusion of maps, diagrams, photographs, and drawings of other properties that have transmission lines or are undergoing the construction of transmission lines. [Pl.'s Mot. at 15]. Ms. Fritts opposes the TVA's request, arguing that transmission lines on adjacent properties will affect her property's value. [Def.'s Resp. at 19]. The construction of the transmission lines on Ms. Fritts's property may well have a depreciative effect on the market value of *her* property—an issue that is the subject of the TVA's eighteenth request in limine, and that issue is properly before the jury. But to the extent that *other* transmission lines on *other* properties—i.e., properties that Ms. Fritts does not own, whether nearby or adjacent to her property—may have a depreciative effect on Ms. Fritts's property is irrelevant. *See Campbell v. United States*, 266 U.S. 368, 372 (1924) (rejecting a landowner's argument that he was entitled to damages from "the uses made and to be made of" adjacent properties that the government had "acquired *from others*" (emphasis added)); *U.S. for Use & Benefit of TVA v. Stewart*, 429 F. Supp. 658, 661 (E.D. Tenn. 1976) (recognizing that "adjoining parcels may be considered as a unit with that affected by the condemnation where there is *common* ownership" (emphasis added)); *U.S. ex rel. TVA v. Easement and Right-of-Way Over 1.0 Acre of Land*, 248 F. Supp. 702, 703–04 (W.D. Tenn. 1965) ("[T]he owner cannot claim such damage to the extent that it is based on that part of the [power] line not on its property.").

The Court, however, cannot conclude that maps, diagrams, photographs, and drawings of other properties are clearly inadmissible for *any* purpose. Maps, diagrams, photographs, and

drawings of other properties may constitute *res gestae* evidence necessary to tell the story of the Hardin Valley Transmission Project, for the purposes of which the TVA has condemned Ms. Fritts's property. *See United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) ("This court 'ha[s] recognized the admissibility of *res gestae*, or background evidence" that "has a causal, temporal or spatial connection with" the claim. (alteration in original) (quotation omitted)); *West v. United States*, 258 F. 413, 419 n.2 (6th Cir. 1919) ("Matters constituting a part of the res gestae are admissible in evidence, the rules as to admissibility, and as to what constitutes the res gestae, being the same in criminal as in civil cases.").

So to the extent the TVA seeks the exclusion of maps, diagrams, photographs, and drawings of other properties because they are irrelevant to show a depreciation in value of Ms. Fritts's property, the TVA's seventeenth request in limine is **GRANTED**. But to the extent the TVA seeks the exclusion of maps, diagrams, photographs, and drawings of other properties for *any* purpose, its request is **DENIED**.

### 17. TVA's Eighteenth Request in Limine

As to the TVA's eighteenth request in limine, the TVA contends that the Court should exclude all evidence of torts for physical damage to the property, [Pl.'s Mem. at 16], and Ms. Fritts opposes this request, [Def.'s Resp. at 20–21]. This request is the subject of a contentious, consequential discovery dispute between the parties, on which Magistrate Judge Poplin has ruled. Ms. Fritts has objected to Magistrate Judge Poplin's ruling, and her objection is pending the Court's adjudication. *See* [Def.'s Objs., Doc. 47, at 3–4]. The Court reserves ruling on the TVA's eighteenth request in limine, which it will address in resolving Ms. Fritts's objections.

14

**18. TVA's Nineteenth Request in Limine**

As to the TVA's nineteenth request in limine, the TVA moves the Court to exclude evidence of the property's, and other property's, tax assessments. [Pl.'s Mem. at 18]. Ms. Fritts does not oppose this request. [Def.'s Resp. at 22]. The TVA's nineteenth request in limine is therefore **GRANTED**.

**19. TVA's Twentieth Request in Limine**

As to the TVA's twentieth request in limine, the TVA claims that Ms. Fritts's attorney "has employed overtly pejorative language" to characterize TVA, its witnesses, and its attorneys, and the TVA "anticipates that [his] rhetoric is likely to persist during trial." [Pl.'s Mem. at 18]. The TVA asks for the exclusion of any "pejorative characterizations" at trial. [*Id.*]. Ms. Fritts agrees. [Def.'s Resp. at 22]. The TVA's twentieth request in limine is therefore **GRANTED**.

**20. TVA's Twenty-First Request in Limine**

Finally, as to the TVA's twenty-first request in limine, it seeks to reserve the right to file further motions in limine "based upon the outcome of the[] pending motions" in the record, [*id.* at 19], and Ms. Fritts agrees with this request, [Def.'s Mot. at 23]. The TVA's twenty-first request in limine is **GRANTED** only to the extent that it can show good cause for the filing of additional motions in limine, the deadline for which has now expired. *See* [Scheduling Order, Doc. 33, at 3]; *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

15