UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, upon relation and for the use of the TENNESSEE VALLEY AUTHORITY, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CV-00037-DCLC-DCP |
| | ) | |
| AN EASEMENT AND RIGHT-OF-WAY OVER 0.98 ACRES OF LAND, MORE OR LESS, IN KNOX COUNTY, TENNESSEE, and JOYCE FRITTS, Trustee of the Joyce Fritts Family Trust, a Revocable Living Trust, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Joyce Fritts's Omnibus Motion in Limine [Doc. 98], in which Ms. Fritts makes ten separate requests to exclude evidence in limine at the upcoming trial, and Plaintiff Tennessee Valley Authority's Response [Doc. 104], in which the TVA argues that the Court should grant in part and deny in part Ms. Fritts's motion.

Last year, the TVA initiated this action for the taking of property under the power of eminent domain. [Compl., Doc. 1]. Specifically, it condemned a permanent easement and right-of-way over Ms. Fritts's property—0.98 acres in Knox County—for "the erection, operation, and maintenance of electric power transmission circuits and communication circuits," [*id.* at 1], and it filed a declaration of taking and a deposit of $112,100.00 as its estimation of just compensation under the Declaration of Taking Act, 40 U.S.C. §§ 3114−3118, [Pl.'s Decl. of Taking, Doc. 1-3, at 1]. ]. The TVA's condemnation of Ms. Fritts's property is part of the Hardin Valley Transmission Project, which affects seventy-nine other properties. The easement on the

condemned portion of Ms. Fritts's property essentially bisects her property, so that remnants of her property about either side of the easement:



The sole dispute between the parties is whether the TVA's compensation is just. *See Brown v. Legal Found. of Wash.*, 538 U.S. 216, 233 (2003) ("When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner[.]" (quotation omitted)). Ahead of the upcoming trial on this dispute, Ms. Fritts makes ten separate requests to exclude evidence in limine, and the TVA contends that the Court should grant in part and deny in part her motion.

2

A district court's authority to rule on an evidentiary motion in limine comes from its "inherent authority to manage the course of trials," rather than a specific provision of the Federal Rules of Evidence or the Federal Rules of Civil Procedure. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citation omitted). A district court's choice to grant or deny a motion in limine is, therefore, "purely discretionary." *United States v. Certain Land Situated in Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982). The function of a motion in limine is to bar evidence that is "clearly inadmissible for any purpose." *Contract Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2012 WL 2529214, at *1 (E.D. Tenn. June 29, 2012) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)). "Unless evidence meets this high standard," a district court will not exclude evidence in limine. *Id.* The party moving to exclude evidence in limine has the burden of meeting this high standard. *Smith v. Highland Park Ruritan Club*, No. 3:06-CV-351, 2008 WL 2669107, at *3 (E.D. Tenn. June 27, 2008).

## 1. Ms. Fritts' First and Second Requests in Limine

As to Ms. Fritts's first and second requests in limine, she seeks the exclusion of certain exhibits, certain witnesses' testimony, and expert reports and opinions—the admissibility of all of which, as she acknowledges, is the subject of a "forthcoming ruling" by the Court. [Def.'s Mot. at 1, 3]. Rather than rule on the admissibility of these exhibits, testimonies, reports, and opinions here on a preliminary basis—which is all that a ruling in limine is, *see United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) ("A ruling on a motion in limine is no more than a preliminary . . . opinion." (citation omitted))—the Court will address their admissibility on the merits in its forthcoming ruling. Ms. Fritts's first and second requests in limine are therefore **DENIED**.

### 2. Ms. Fritts's Third, Fourth, Fifth, and Sixth Requests in Limine

As to Ms. Fritts's third, fourth, fifth, and sixth requests in limine—in which she seeks the exclusion of all evidence that the TVA did not produce in discovery, tax assessments and records for the purpose of proving just compensation, amounts that the TVA has paid for other properties in condemnation suits, and the proportion of landowners who settle condemnation suits versus those who do not settle those suits—the TVA does not oppose them. [Pl.'s Resp. at 2–4]. Ms. Fritts's third, fourth, fifth, and sixth requests in limine are therefore **GRANTED**.

### 3. Ms. Fritts's Seventh Request in Limine

As to Ms. Fritts's seventh request in limine, she seeks to exclude all evidence "intended to direct the jury's attention to the fact that any judgment in this case will be paid out of public funds, such as references to 'taxpayer money' or 'public project budget overruns.'" [Def.'s Mot. at 6]. The TVA opposes this request only to the extent Ms. Fritts aims to exclude evidence of its status as a wholly owned public corporation of the United States, its mission and purpose, and its construction of a transmission line on the condemned portion of Ms. Fritts's property. [Pl.'s Resp. at 4]. Ms. Fritts's seventh request in limine is **GRANTED** to the extent she seeks the exclusion of evidence or argument that any payment of just compensation will come from public funds. Her request is **DENIED** in all other respects.

### 4. Ms. Fritts's Eighth Request in Limine

As to Ms. Fritts's eighth request in limine, she argues that the Court should preclude the TVA from offering three witnesses at trial—Ivan Antal, Eric Murrell, and Jeremy Stewart—because the TVA withdrew them from its disclosures under Federal Rule of Civil Procedure 26(a)(1)(A)(i), which governs pretrial identification of potential witnesses. [Def.'s Mot. at 6–7]. Although the TVA did withdraw these witnesses from its disclosures, [Pl.'s Notice, Doc.

84-14], the TVA opposes Ms. Fritts's request, contending that the outright exclusion of these witnesses at trial is inappropriate because it may rely on them solely for impeachment. [Pl.'s Resp. at 5]; *see* Fed. R. Civ. P. 26(a)(1)(A)(i) ("[A] party must, without awaiting a discovery request, provide to other parties (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . *unless the use would be solely for impeachment*[.]" (emphasis added)). Ms. Fritts agrees, acknowledging that their testimonies "[are] only admissible if [they are] offered solely for impeachment." [Def.'s Mot. at 7]. Their testimonies, then, are not "clearly inadmissible for *any* purpose," *Contract Mgmt., Inc.*, 2012 WL 2529214 at *1 (emphasis added), and Ms. Fritts's eighth request in limine is therefore **DENIED**.

### 5. Ms. Fritts's Ninth Request in Limine

As to Ms. Fritts's ninth request in limine, she seeks the exclusion of maps, diagrams, photographs, and drawings of properties other than her own, except for those of "contiguous properties," "properties in close proximity to" her own, "properties comparable to" her own, and properties that will aid the jury in determining just compensation. [Def.'s Mot. at 8]. The TVA does not oppose her request to the extent it is "[c]onditioned on the exclusion applying to all parties and not applying to maps and pictures of properties identified by the parties' expert appraisers as comparable sales." [Pl.'s Resp. at 6]. The TVA, however, does oppose her request to the extent she seeks to "carve out exceptions for" contiguous properties, nearby properties, and properties that will assist the jury in determining just compensation. [*Id.*].

To the extent the TVA does not oppose Ms. Fritts's ninth request in limine, her request is **GRANTED**, with the condition that it applies to both parties and that the parties' experts may rely on maps, diagrams, photographs, and drawings of other properties necessary for them to

5

reach conclusions on comparable sales. *See U.S. ex rel. TVA v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 756 (6th Cir. 2016) (noting that the TVA's expert had testified at trial about "comparable sales of similar types of property"); *see also Instructions to Commr's under Rule 71A*, 61 F.R.D. 503, 517–18 (E.D. Tenn. 1974) ("Evidence of sales of comparable property is admissible and should be considered by you and given the weight that you think it should have in determining the fair and reasonable market value of the lands in question."). To the extent, however, Ms. Fritts seeks the admission of maps, diagrams, photographs, and drawings of "contiguous properties," "properties in close proximity to" her own, and properties that will aid the jury in determining just compensation, [Def.'s Mot. at 8], the Court reserves ruling on her ninth request in limine, *see* [Mem. Op. & Order, Doc. 141, at 13–14].

### 6. Ms. Fritts's Tenth Request in Limine

Finally, as to Ms. Fritts's tenth request in limine, she seeks to reserve the right to file additional motions in limine "depending on the Court's rulings on the pending motions," [Def.'s Mot. at 8], and the TVA agrees with this request, [Pl.'s Mot. at 7]. Ms. Fritts's tenth request in limine is **GRANTED** only to the extent that she can show good cause for the filing of further motions in limine, the deadline for which has now expired. *See* [Scheduling Order, Doc. 33, at 3]; *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

      **SO ORDERED:**

                                 s/ Clifton L. Corker
                                 United States District Judge

6

Case 3:24-cv-00037-DCLC-DCP   Document 142   Filed 08/11/25   Page 6 of 6
PageID #: 2656