UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, upon relation and for the use of the TENNESSEE VALLEY AUTHORITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:24-CV-00037-DCLC-DCP |
| AN EASEMENT AND RIGHT-OF-WAY OVER 0.98 ACRES OF LAND, MORE OR LESS, IN KNOX COUNTY, TENNESSEE, and JOYCE FRITTS, Trustee of the Joyce Fritts Family Trust, a Revocable Living Trust, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on United States Magistrate Judge Debra C. Poplin's Report and Recommendation, [Doc. 131], recommending the Court deny Defendant Joyce Fritts's motion for sanctions against Plaintiff Tennessee Valley Authority for filing a reply brief. Ms. Fritts has objected to that recommendation [Doc. 147]. Normally, the Court would wait for the opposing party to file a response to the objection, but in this case none is needed.

In the normal course of litigation, it is not unusual for a party to file a motion; for the opposing party, if he objects to the requested relief, to file a response; and for the moving party to answer the response by filing what is called a reply brief, which the moving party may file but is not required. The process is straightforward: motion, response, reply. It happens all the time in federal court. And, while the content of those pleadings at times might compel a party to ask for sanctions—never has the mere filing of a reply brief done so. Until this case. Ms. Fritts seeks sanctions based on the TVA's act of replying to its motion—not for its contents

but for filing a reply. So the matter before the Court is about a reply brief. A reply the TVA filed to Ms. Fritts's response.

Federal Rule of Civil Procedure 11(c)(3) permits the Court to "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Ms. Fritts argues that the Court should require the TVA to show cause under Rule 11(c)(3) because it violated the Court's scheduling order by filing a reply brief in support of its motion for summary judgment. In addition, Ms. Fritts argues that the Court should require the TVA to show cause because it has espoused facts that have no support in the record and has misrepresented facts. Magistrate Judge Poplin recommended the denial of Ms. Fritts's request for a show-cause order. Ms. Fritts has timely objected to her recommendation. The Court may disturb the decision only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The Court's scheduling order is silent about the permissibility of filing reply briefs, whereas Local Rule 7.1(b) permits the filing of reply briefs without leave of the Court, though they are neither necessary nor required. E.D. Tenn. L.R. 7.1(c). The Court's scheduling order does not supplant the Local Rules, which themselves "have the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quotation omitted). Rather, they complement each other, and as evidence of the interrelationship between the two, the Court incorporates certain local rules by reference into its scheduling order. [Scheduling Order, Doc. 33, at 2–3]. So when the Court's scheduling order is silent on any particular matter, the parties are perfectly within their rights to fill that silence by acting in compliance with the Local Rules, as the TVA did in this case when it filed a reply brief.

By not concluding otherwise, Magistrate Judge Poplin did not clearly err or act contrary to law. *See Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) ("A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *see also Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("[A]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" (quotation omitted)).[1] Ms. Fritts's objections [Doc. 147] are therefore **OVERRULED**, and the Court **ACCEPTS IN WHOLE** the report and recommendation under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). For the reasons in the report and recommendation, which the Court adopts and incorporates into this Order, Ms. Fritts's Motion for Order to Show Cause Pursuant to Federal Rule of Civil Procedure 11(c)(3) [Doc. 85] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

---

[1] Ms. Fritts does not expressly argue that Magistrate Judge Poplin clearly erred or acted contrary to law by concluding that the TVA's alleged mischaracterizations of the record do not warrant a show-cause order, but if she had, the Court would find no merit in this argument. Magistrate Judge Poplin carefully and thoroughly explained why each of Ms. Fritts's complaints does not justify a show-cause order, and the Court has nothing further to add to her analysis, which contains no clear error or rulings that are contrary to law.

3