UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, upon relation and for the use of the TENNESSEE VALLEY AUTHORITY,<br><br>    Plaintiff,<br><br>v.<br><br>AN EASEMENT AND RIGHT-OF-WAY OVER 0.98 ACRES OF LAND, MORE OR LESS, IN KNOX COUNTY, TENNESSEE, and JOYCE FRITTS, Trustee of the Joyce Fritts Family Trust, a Revocable Living Trust,<br><br>    Defendants. | No. 3:24-CV-00037-DCLC-DCP |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on United States Magistrate Judge Debra C. Poplin's Memorandum and Order [Doc. 129] and Defendant Joyce Fritts's Objections [Doc. 145].[1] For the reasons herein, the Court will overrule Ms. Fritts's objections.

## I. BACKGROUND

Last year, the TVA initiated this action for the taking of property under the power of eminent domain. [Compl., Doc. 1]. Specifically, it condemned a permanent easement and right-of-way over Ms. Fritts's property—0.98 acres in Knox County—for "the erection, operation, and maintenance of electric power transmission circuits and communication circuits," [*id.* at 1], and it filed a declaration of taking and a deposit of $112,100.00 as its estimation of just compensation under the Declaration of Taking Act, 40 U.S.C. §§ 3114−3118, [Pl.'s Decl. of

---

[1] Plaintiff Tennessee Valley Authority has not yet filed a response to Ms. Fritts's objections. Normally, the Court would wait for an opposing party to file a response to the objection, but in this case it does not need one.

Taking, Doc. 1-3, at 1]. The TVA's condemnation of Ms. Fritts's property is part of the Hardin Valley Transmission Project, which affects seventy-nine other properties. [Mem. & Order at 1–2]. The easement on the condemned portion of Ms. Fritts's property essentially bisects her property, so that remnants of her property abut either side of the easement:



The sole dispute between the parties is whether the TVA's compensation is just. *See Brown v. Legal Found. of Wash.*, 538 U.S. 216, 233 (2003) ("When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner[.]" (quotation omitted)).

As this case progressed into discovery, several discovery disputes arose between the parties, requiring Magistrate Judge Poplin's intervention.[2] One of those disputes involved the TVA's alleged non-compliance with Federal Rule of Civil Procedure 26(a)'s requirements for initial disclosures of several of its witnesses: Ivan Antal, Raymond Jennings, T. Eric Murrell, Jeffery Phillips, Barry Savage, and Jeremey Stewart. Rule 26(a)(1)(A)(i) requires parties to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).

"A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C). In this case, the parties stipulated that they would make their initial disclosures by April 10, 2024, and the Court included this stipulation in its scheduling order. *See* [Scheduling Order, Doc. 33, at 2]. According to Ms. Fritts, the TVA failed to disclose by April 10, 2024, the phone numbers and home addresses for Mr. Antal, Mr. Jennings, Mr. Murrell, Mr. Phillips, Mr. Savage, and Mr. Stewart. The TVA's initial disclosures state:

> A. Expert witnesses whose identities will be disclosed and reports provided in accordance with Federal Rule of Civil Procedure 26(a)(2) and the Case Management Order governing this action
>
> B. Ivan J. Antal, II Manager, Real Property Transaction Tennessee Valley Authority 1101 Market Street Chattanooga, Tennessee 37402
>
> C. Raymond G. Jennings Analyst, Photo-Int (OER) SR II – GIS & Mapping Tennessee Valley Authority 1101 Market Street Chattanooga, Tennessee 37402
>
> D. Jeffery L. Phillips Manager, Line System Engineering & Design Tennessee Valley Authority 1101 Market Street Chattanooga, Tennessee 37402

---

[2] Under Standing Order 13-02, "the magistrate judges of this district may, without the necessity of an order of referral, hear and determine any pretrial matter pending before the court."

3

E. Barry E. Savage Manager, Survey Products Tennessee Valley Authority 1101 Market Street Chattanooga, Tennessee 37402

F. T. Eric Murrell Project Manager, Sr. 1101 Market Street Chattanooga, Tennessee 37402

G. Jeremy B. Stewart Transmission Right-of-Way Forester 1101 Market Street Chattanooga, Tennessee 37402

[Pl.'s Initial Disclosure, Doc. 57-1, at 1–2].

The TVA acknowledges that these disclosures "do not list a telephone number." [Pl.'s Resp., Doc. 70, at 2]. On July 16, 2024—more than three months after the parties' agreed-upon deadline for initial disclosures—the TVA provided Ms. Fritts with curricula vitae that included phone numbers for Mr. Jennings and Mr. Savage, only. [*Id.*; Pl.'s Expert Disclosures, Doc. 57-2; Curricula Vitae, Doc. 70-1].[3] About ten months later, on May 8, 2025, the TVA informed Ms. Fritts of its withdrawal of Mr. Antal, Mr. Murrell, and Mr. Stewart from its initial disclosures. [Pl.'s Notice, Doc. 84-14, at 1].

The TVA ultimately argued that the Privacy Act of 1974, 5 U.S.C. § 552a *et seq.*, did not require it to disclose the phone numbers and home addresses of the witnesses it identified in its initial disclosures, irrespective of Rule 26(a)'s requirements. [Pl.'s Resp. at 2–3, 7–8]. The TVA also asserted that its non-disclosure of the phone numbers and home addresses was "substantially justified and harmless" under the Sixth Circuit's five-factor test in *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015). [*Id.* at 8–9]; *see generally* Fed. R. Civ. P. 37(c)(1) (prohibiting a party from using information that it failed to timely produce under Rule 26(a) "unless the failure was substantially justified" or "harmless").

---

[3] The TVA also provided Ms. Fritts with additional information for Mr. Philips, including an e-mail address, but not a phone number. [Curricula Vitae, Doc. 70-1, at 8].

4

The TVA's failure to include in its initial disclosures the phone numbers and home addresses for Mr. Antal, Mr. Jennings, Mr. Murrell, Mr. Phillips, Mr. Savage, and Mr. Stewart compelled Ms. Fritts to seek sanctions under Federal Rules of Civil Procedure 16(f)(1)(C), 26(g)(1), and 37(a)(3)(A). [Def.'s Mem. Supporting Mot. to Exclude, Doc. 57, at 8–10]. She moved, specifically, for the exclusion of these witnesses' testimonies at trial. [Def.'s Mot. to Exclude, Doc. 56, at 1]. Although the TVA's initial disclosures contain no phone numbers or home addresses for these witnesses, Magistrate Judge Poplin made no factual finding that the TVA's initial disclosures violated Rule 26(a). In lieu of this factual finding, she ruled, after balancing the requisite factors under *Howe*, that any violation of Rule 26(a) that the TVA may have committed was substantially justified or harmless, and she denied Ms. Fritts's motion for the exclusion of these witnesses. [Mem. & Order at 8–9, 11]. She did not, however, address whether the TVA's failure to disclose Mr. Antal's, Mr. Murrell's, and Mr. Stewart's phone numbers and home addresses warranted their exclusion because she found that the TVA's withdrawal of these witnesses mooted Ms. Fritts's request for exclusion. [*Id.* at 7]. Ms. Fritts has timely objected to Magistrate Judge Poplin's memorandum and order. Having carefully reviewed and considered her objections, the Court is now prepared to rule on them.

## II. Standard of Review

When reviewing a magistrate judge's recommendation on a non-dispositive issue, the Court ordinarily must accept it unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court, however, "review[s] a magistrate judge's determination of harmlessness under Rule 37(c)(1) for an abuse of discretion." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 221 (6th Cir. 2019) (citation omitted). "Abuse of discretion is a highly deferential standard," *Doe v. Mich. State Univ.*, 989 F.3d 418, 426 (6th Cir. 2021),

and an abuse of discretion occurs only when the magistrate judge's decision leaves the Court "with a definite and firm conviction" that she "committed a clear error of judgment," *Public Interest Legal Found. v. Benson*, 136 F.4th 613, 622 (6th Cir. 2025) (internal quotation mark and quotation omitted). In other words, an abuse of discretion occurs only if the magistrate judge "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Doe*, 989 F.3d at 426 (quotation omitted). The Court may "modify or set aside any part of the [magistrate judge's] order that constitutes an abuse of discretion." Fed. R. Civ. P. 72(a).

### III. ANALYSIS

Ms. Fritts claims that Magistrate Judge Poplin committed a battery of errors—at least ten, by the Court's tally—in denying her motion for exclusion. Out of the gate, she faults her for making no factual finding that the TVA violated Rule 26(a)(1)(A)(i) by failing to disclose Mr. Antal, Mr. Jennings, Mr. Murrell, Mr. Phillips, Mr. Savage, and Mr. Stewart's phone numbers and home addresses by April 10, 2024, despite the fact that, in Ms. Fritts's view, a violation was "clear on the face of the disclosures." [Def.'s Objs. at 2]. Although Ms. Fritts is correct that Magistrate Judge Poplin did not make an explicit finding that the TVA violated Rule 26(a)(1)(A)(i), that finding was at least implicit in her analysis. Otherwise, she would have had no need to address whether the TVA's non-disclosure of the phone numbers was substantially justified or harmless under *Howe*.

But in any case, the Court is perfectly capable of making that explicit finding now. *See* Fed. R. Civ. P. 72(a) (authorizing the Court to modify the magistrate judge's order). The TVA's failure to include Mr. Antal, Mr. Jennings, Mr. Murrell, Mr. Phillips, Mr. Savage, and Mr. Stewart's phone numbers in its initial disclosures by the parties' agreed-upon deadline was a

6

clear violation of Rule 26(a)(1)(A)(i). *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (stating that "a party must . . . provide to the other parties . . . the . . . telephone number of each individual likely to have discoverable information'). The only remaining question is whether the TVA's failure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a)," then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

As the party subject to potential sanctions, the TVA has the burden to prove substantial justification or harmlessness. *Roberts ex rel. Johnson v Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003); *Banerjee v. Univ. of Tenn.*, No. 3:17-CV-526-HSM-HGB, 2019 WL 1532865, at *2 (E.D. Tenn. Apr. 9, 2019). Before Magistrate Judge Poplin, the TVA presented a two-fold argument in an effort to show substantial justification or harmlessness. First, it argued that its need to comply with the Privacy Act was a substantial justification for its non-disclosure of the phone numbers. [Pl.'s Resp. at 7–8]. Second, it argued that its non-disclosure of the phone numbers was substantially justified or harmless under *Howe*. [*Id.* at 8–9]. Magistrate Judge Poplin did not directly address the TVA's first argument, and nor did she have to because she agreed with the TVA's second argument under *Howe*. The Court finds no abuse of discretion in her application of *Howe*'s factors.

In ruling that the TVA's deficient disclosures were substantially justified or harmless, Magistrate Judge Poplin properly identified the five factors for analysis under *Howe*:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe*, 801 F.3d at 747; *see* [Mem. & Order at 6–7, 9–11 (identifying the five factors under *Howe* and applying them). Shen then conducted a thorough, multi-page analysis of *Howe*'s factors. *See* [*id.* at 9–11]. So far, so good, but Ms. Fritts takes exception to Magistrate Judge Poplin's application of those factors and maintains that the Court should now apply them differently. [Def.'s Objs. at 17–22]. In objecting to her analysis, Ms. Fritts cites little if any case law and repeats many of the same arguments that she had raised before Magistrate Judge Poplin. Under *Howe*'s first factor, for example, Ms. Fritts objects as follows:

> [T]he omitted and missing disclosures are a surprise . . . . Defendant did not have 'all the information relevant to the undisclosed information in its possession' nor the 'full opportunity during deposition to questions [them]' The magistrate fails to recognize that Defendant does not have 'all the information' in its possession[.]

[Def.'s Objs. at 17 (second alteration in original)]. Magistrate Judge Poplin addressed and rejected this same argument:

> Defendant Fritts has known the identity of Plaintiff's witnesses since April 10, 2024. . . . Defendant Fritts claims that she has not had an opportunity to depose these witnesses, but there is no evidence in the record that she attempted to arrange any depositions in this case, nor is there any evidence that she was prevented from deposing any witnesses by the alleged lack of information.

[Mem. & Order at 9].

Ms. Fritts appears to believe that the Court can simply substitute its own judgment for Magistrate Judge Poplin's. It cannot. *See Lafoe v. Comm'r of Soc. Sec.*, No. 1:14-cv-335, 2016 WL 902571, at *2 (E.D. Tenn. Mar. 9, 2016) ("An 'objection' that does nothing more than state a disagreement with a Magistrate Judge's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004))). Ms. Fritts asserts that the standard of review is clearly erroneous or contrary to law. [Def.'s Objs. at 7]. It is not. *Bisig*, 940 F.3d at 221. The standard of review is abuse of discretion, a highly deferential standard of

review under which the Court lacks license "to give fresh consideration" to the issues before it and come to "the ultimate determination of the matter" through its own judicial discretion. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980).

Without citing case law, Ms. Fritts goes on to argue that Magistrate Judge Poplin erred in ruling that the TVA's withdrawal of Mr. Antal, Mr. Murrell, and Mr. Stewart mooted her request for their exclusion. Magistrate Judge Poplin's finding of mootness does not constitute an abuse of discretion. *See, e.g., Reed v. FedEx Corp. Servs., Inc.*, No. 2:18-cv-02503-JPM-cgc, 2020 WL 13699222, at *1 (W.D. Tenn. Jan. 16, 2020) ("Because [the defendant] concedes that it failed to disclose Larry Willis as a potential witness in its Rule 26(a)(1) disclosures and has withdrawn Willis's declaration, Plaintiff's Motion to Strike is DENIED AS MOOT."); *Guara v. City of Trinidad*, No. 10–cv–02529–WJM–KMT, 2011 WL 5374777, at *1 (D. Colo. Nov. 8, 2011) ("Plaintiff has withdrawn the designations of Ms. Miller and Ms. Vargas as expert witnesses. Thus, the motion to strike Ms. Miller and Ms. Vargas is moot."); *Bates v. Kender*, 537 F. Supp. 2d 281, 283 (D. Mass. 2008) ("[The plaintiff] moves the Court to strike defendants' expert disclosures and to preclude any expert testimony on defendants' behalf at trial. At the pretrial conference, defendants informed the Court that they did not plan to call the two doctors discussed in the [plaintiff's] motion to strike and preclude. Consequently, the motion will be denied as moot.").

In sum, Magistrate Judge Poplin applied the correct legal standard[4] and conducted a thorough analysis under that standard, all while supporting her legal conclusions with citations

---

[4] Although Ms. Fritts does not argue that Magistrate Judge Poplin failed to apply the correct legal standard under *Howe*, she does argue that she failed to place the burden to establish substantial justification or harmlessness on the TVA. [Def.'s Objs. at 3, 17]. This argument is baseless. Magistrate Judge Poplin expressly recognized that the TVA has the burden to show substantial justification or harmlessness, [Mem. & Order at 6], and the Court finds no basis to conclude that she did not hold the TVA to that burden.

9

Case 3:24-cv-00037-DCLC-DCP   Document 161   Filed 08/19/25   Page 9 of 10
PageID #: 2958

to the record. Having done so, she did not abuse her discretion in determining that the TVA's deficient disclosures were substantially justified or harmless. *See Doe*, 989 F.3d at 426 (stating that an abuse of discretion occurs only if the magistrate judge "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard"). Ms. Fritts fails to cite case law or raise arguments that convince the Court otherwise.

## IV. CONCLUSION

Ms. Fritts fails to satisfy her burden of showing that Magistrate Judge Poplin abused her discretion in ruling that that the TVA's deficient disclosures were substantially justified or harmless. Ms. Fritts's objections [Doc. 145] are therefore **OVERRULED**, and her Motion to Exclude Plaintiff's Witnesses Included in its Rule 26 Disclosures [Doc. 56] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge