UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, upon relation and for the use of the TENNESSEE VALLEY AUTHORITY, <br><br> Plaintiff, <br><br> v. <br><br> AN EASEMENT AND RIGHT-OF-WAY OVER 0.98 ACRES OF LAND, MORE OR LESS, IN KNOX COUNTY, TENNESSEE, and JOYCE FRITTS, Trustee of the Joyce Fritts Family Trust, a Revocable Living Trust, <br><br> Defendants. | No. 3:24-CV-00037-DCLC-DCP |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff' Tennessee Valley Authority's Motion to Strike Damages Claims and Exhibits Proffered in Support of Damages Claims [Doc. 173] and Defendant Joyce Fritts's Response [Doc. 176]. For the reasons herein, the Court will grant in part and deny in part the TVA's motion.

Under Federal Rule of Civil Procedure 37(c)(1), the TVA moves to exclude Ms. Fritts from seeking certain damages at trial, arguing she failed to timely disclose them, in violation of Federal Rule of Civil Procedure 26(a). *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring "a computation of each category of damages claimed by the disclosing party"). Specifically, the TVA faults her for "assert[ing] new and previously undisclosed damages claims" on April 23, 2025, in her written objections to United States Magistrate Judge Debra C. Poplin's rulings on the parties' discovery disputes and in an affidavit that she filed alongside her objections. [Pl.'s Mot. at 2]. In response, Ms. Fritts contends that the TVA's request to exclude her damages is

untimely under the Court's scheduling order [Def.'s Resp. at 4–5], in which the Court set a non-dispositive motions deadline of June 27, 2025.

Ms. Fritts is correct. The TVA acknowledges it was aware that Ms. Fritts had raised the alleged undisclosed damages on April 23, 2025, so it could have and should have moved to exclude those damages before the expiration of the non-dispositive motions deadline of June 27, 2025. *See Birge v. Dollar Gen. Corp.*, No. 04-2531 B, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006) ("[A] court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril[.]" (quotation omitted)). The TVA makes no showing of good cause for moving to exclude Ms. Fritts's evidence of damages now, almost two months after the non-dispositive motions deadline's expiration, and its failure to show good cause is fatal to its motion. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The TVA, however, also argues that Ms. Fritts asserts previously undisclosed damages in her list of damages [Doc. 169], which she filed just last week. [Pl.'s Mot. at 3–4]. At this late hour in the case, the final pretrial order, not the scheduling order, governs this argument. The final pretrial "controls the course of the action," Fed. R. Civ. P. 16(d), and "a party's failure to advance a theory of recovery in a pretrial statement constitutes waiver of that theory," *Gregory v. Shelby County*, 220 F.3d 433, 442–43 (6th Cir. 2000); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) (recognizing that the final pretrial order "superseded all prior pleadings" (citations omitted)). In the final pretrial order, Ms. Fritts claims that the incidental damages to her property consist of:

- "destroyed and removed 'danger trees' on either side of the easement,"
- the presence of "unspecified numbers of High Voltage Electric Power Circuits and Communications Circuits and all necessary appurtenances,"

- destruction of the property's "forested privacy screen," which had provided "a visual, noise, and security barrier from Buttermilk Road and neighbors as well as a natural guardrail,"

- "severe[] damage[] [to] Defendant's asphalt and concrete driveway within and without the easement,"

- "steep drop-offs on each side [of the driveway] that prevents two vehicles side by side . . . with no room to turn around,"

- aesthetic damage from "pole and lines [that] can be seen from pretty much every spot on the property, including while lounging by the secluded pool," and

- "other unremedied damages,"

[Final Pretrial Order, Doc. 143, at 2]. In referring to "other unremedied damages," Ms. Fritts cites "Docs. 47-2 and 47-3," [*id.*], which are Garner Fritts's affidavit and photos in support of Garner Fritts's affidavit.[1] The Court previously summarized Garner Fritts's affidavit as follows:

> Ms. Fritts has filed evidence showing that the TVA has damaged her property during its construction of the transmission lines. [Garner Fritts Aff., Doc. 47-2]. According to Garner Fritts, who is Ms. Fritts's son and resides on the property, the TVA has used 'work trucks and heavy commercial trucks' to access the easement from Ms. Fritts's driveway, [*id.* at 2], and the driveway is now 'uneven, rutted and crumbling' [*id.*]. Garner Fritts also claims that the TVA has 'removed a natural guardrail, composed of trees, shrubs and vegetation,' and the driveway now 'slopes steeply down into the easement,' a condition that is a hazard for the property's occupants and guests. [*Id.* at 3]. Continuing on, he asserts that the TVA has removed fences on both sides of the property and uprooted a 'dense forest' that had shielded the property from the sights and sounds of the road. [*Id.* at 4]. He further declares that the TVA has created a recess in the property and that the recess has gathered water, forming a 'lake' that risks flooding the property. [*Id.* at 5]. He also complains that the TVA has strewn debris on the property so that it now 'looks like a war zone' 'butchered' a tree that is outside the easement's boundaries, and exposed the property's occupants to electromagnetic fields by installing transmission lines. [*Id.* at 6].

[Am. Mem. Op. & Order, Doc. 154, at 5–6].

---

[1] Ms. Fritts filed both the affidavit and the photos on April 23, 2025, and, again, the TVA did not object to either document under Rule 26(a) until now, well after the Court's non-dispositive motions deadline expired.

The damages that Ms. Fritts identifies in the final pretrial order—which, again, include by reference Garner Fritts's affidavit and the photos—are substantively similar if not identical to the damages that she identifies in her list of damages, with a few exceptions. In her list of damages, she seeks "driveway rent," rent for ingress and egress, and "real estate taxes," [Def.'s List of Damages, Doc. 169, at 1, 3], none of which appears in the final pretrial order. Ms. Fritts has therefore waived her right to pursue these particular damages at trial. *Gregory*, 220 F.3d at 442.

The TVA, however, also argues that some of the damages in Ms. Fritts's list of damages are improper as a matter of law because she seeks damages for "property rights not described in the declaration of taking," damages in tort, and damages to which only an expert can testify. [Pl.'s Mot. at 3–4]. The Court has already ruled that it will not allow Ms. Fritts to contest the dimensions of the easement and right of way at trial, and it has ruled that it will instruct the jury not to award damages that sound in tort, [Mem. Op. & Order, Doc. 178, at 8–13], so it has no need to address either issue further. And as to the TVA's argument about expert testimony, the Court has also already ruled that lay opinions about a property's worth, in lieu of expert opinions, are permissible so long as they do not cross into testimony that requires technical or specialized knowledge. [Mem. Op. & Order, Doc. 141, at 5–7]; *see U.S. ex rel. & for Use of TVA v. Easement & Right of Way 200 Feet Wide*, 405 F.2d 305, 307 (6th Cir. 1968) (stating that "opinion evidence usually may be admitted from those who are not strictly experts," with "the test being whether it can be shown the witness knows the land and its surroundings and has an opinion as to value based upon more than mere conjecture" (citations omitted)). The TVA's argument that the Court must exclude Ms. Fritts's list of damages because her damages

"require[] expert proof" is therefore not an argument that the Court will consider before hearing the evidence at trial. [Pl.'s Mot. at 4].

Lastly, the TVA objects to what it describes as "cost to cure damages" in Ms. Fritts's list of damages, [*id.*], namely, the cost of replacing the trees on her property—a cost that she estimates will range from "$50,000 to $450,000," [Def.'s List of Damages at 3]. According to the TVA, this cost is "an alternative means of quantifying severance damages" and is available only if the evidence shows it "is less than the diminished value of the property." [Pl.'s Mot. at 4]. At trial, Ms. Fritts intends to prove that the before-and-after value of her property amounts to $404,000, [Final Pretrial Order at 5], so the cost to replace the trees, if more than $404,000, would exceed the diminished value of her property. But again, she estimates that the cost of replacing the trees will range from $50,000 to $450,000, and depending on what the evidence shows at trial, the jury could conclude that the cost-to cure is less than the diminished value of her property, not more. So rather than strike Ms. Fritts's request for severance damages in her list of damages—a request that the TVA does not argue is improperly before the Court or is an impermissible source of damages in a condemnation action—the Court will simply add to its jury charge an instruction on severance damages and cost-to-cure damages so that the jury can appropriately weigh the evidence at trial.

The TVA's Motion to Strike Damages Claims and Exhibits Proffered in Support of Damages Claims [Doc. 173] is therefore **GRANTED** only to the extent the TVA requests the exclusion of "driveway rent," rent for ingress and egress, and "real estate taxes." The TVA's motion is **DENIED** in all other respects. And to the extent the TVA requests a hearing under Federal Rule of Evidence 104, its request is **DENIED** because it does not argue that a hearing is necessary under any of Rule 104(c)'s three criteria. *See* Fed. R. Evid. 104(c) (stating that

5

courts must conduct a hearing outside the jury to address preliminary questions if "(1) the hearing involves the admissibility of a confession; (2) a defendant in a criminal case is a witness and so requests; or (3) justice so requires").

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
