UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, upon relation and for the use of the TENNESSEE VALLEY AUTHORITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:24-CV-00037-DCLC-DCP |
| AN EASEMENT AND RIGHT-OF-WAY OVER 0.98 ACRES OF LAND, MORE OR LESS, IN KNOX COUNTY, TENNESSEE, and JOYCE FRITTS, Trustee of the Joyce Fritts Family Trust, a Revocable Living Trust, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on United States Magistrate Judge Debra C. Poplin's Memorandum and Order [Mem. & Order, Doc. 130] and Defendant Joyce Fritts's Objections [Def.'s Objs., Doc. 146]. For the reasons herein, the Court will overrule Ms. Fritts's objections.

I. **BACKGROUND**

Last year, Plaintiff Tennessee Valley Authority initiated this action for the taking of property under the power of eminent domain. [Compl., Doc. 1]. Specifically, it condemned a permanent easement and right-of-way over Ms. Fritts's property—0.98 acres in Knox County—for "the erection, operation, and maintenance of electric power transmission circuits and communication circuits," [*id.* at 1], and it filed a declaration of taking and a deposit of $112,100.00 as its estimation of just compensation under the Declaration of Taking Act, 40 U.S.C. §§ 3114−3118, [Pl.'s Decl. of Taking, Doc. 1-3, at 1]. The TVA's condemnation of Ms. Fritts's property is part of the Hardin Valley Transmission Project, which affects seventy-nine other

properties. The easement on the condemned portion of Ms. Fritts's property essentially bisects her property, so that remnants of her property abut either side of the easement:



The sole dispute between the parties is whether the TVA's compensation is just. *See Brown v. Legal Found. of Wash.*, 538 U.S. 216, 233 (2003) ("When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner[.]" (quotation omitted)).

On April 16, 2025, Magistrate Judge Poplin entered a protective order under Federal Rule of Civil Procedure Rule 26(c) to ensure that "confidential information"—the home addresses of the TVA's employees—"be disclosed only in designated ways." [Protective Order, Doc. 45, at

2

1].[1] Under paragraph eleven of the protective order, a party may "request a change in the designation of any Document designated 'Confidential.'" [*Id*. at 5]. It further provides that the "Producing Party or the Party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c)." [*Id*.].

The TVA moved for an order "authorizing the continued designation of the home addresses of TVA employees as confidential information." [Pl.'s Mot., Doc. 80, at 1]. In support of its motion, the TVA asked the Court to take judicial notice of its prior briefing on "Privacy Act issues" because the TVA's position is that the home addresses of its employees are protected under this Act. [*Id*.; *see* Pl.'s Position Statement, Doc. 41-1, at 11 (stating that the TVA, as a federal agency, is subject to the Privacy Act, 5 U.S.C. § 552a, which prohibits the TVA from disclosing its employees' "records," including their employees' home addresses)].

Ms. Fritts opposed the TVA's motion because the TVA's "argument that the home addresses and phone numbers are PII [personally identifiably information]," protected under the Privacy Act, "lacked an analysis of statutes" that "trump[]" the TVA's "Privacy Act argument." [Def.'s Resp., Doc. 86, at 11; *id*. at 8 (stating that Rule 26 "trumps" the Privacy Act under "28 U.S.C. § 2072")]. She argued, specifically, that this information is otherwise subject to the Act's

---

[1] The parties were unable to agree on a protective order, which prompted the TVA to move for one. [Pl's Mot., Doc. 38]. Magistrate Judge Poplin held a hearing to resolve the TVA's motion, in addition to various discovery disputes between the parties. One of the discovery disputes, which is relevant to the objection that is now before the Court, involves the TVA's initial disclosures of its employees' home addresses, which the TVA originally agreed to provide to Ms. Fritts. *See* [Scheduling Order, Doc. 33, at 2]; Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring the parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information"). During the hearing before Magistrate Judge Poplin, the TVA agreed, subject to a protective order, to produce those home addresses, but the parties still could not agree on the scope of the protective order. [Mem. & Order, Doc. 43, at 10–12 (explaining Ms. Fritts's "concerns with [the TVA]'s proposed protective order")]. Magistrate Judge Poplin ordered the parties to submit either an agreed protective order or competing protective orders. [*Id*. at 12]. The parties submitted the latter, and Magistrate Judge Poplin modified and incorporated provisions of the parties' competing protective orders "to fit the needs of this case." [Doc. 46, at 1].

3

"Routine Use" exception, 5 U.S.C. § 552a(a)(7) and § 552(b)(3), and the "Court Order Exception," § 552a(b)(11). [*Id*.].[2] At the time of her opposition, Ms. Fritts also indicated that the TVA was in violation of Rule 26 because it provided Ms. Fritts with the home addresses of only four out of the six witnesses under the protective order. [*Id*. at 3].

In reply, the TVA argued that Ms. Fritts's contention that the routine-use exception under the Privacy Act applies in this case is "wrong" for a few reasons. [Pl.'s Reply, Doc. 87, at 1]. According to the TVA, the routine-use exception only applies if the agency (1) "designated the routine use in the Federal Register" and (2) "the use" is "compatible with the purpose for which the information was collected." [*Id*. at 2 (citing *Anderson v. U.S.P.S.*, No. 1:17-CV-00125-GNS, 2018 WL 10761923, at *2 (W.D. Ky. Jan. 5, 2018))].

The TVA argued that neither prong was met here. As to the first prong, the TVA acknowledged that it did file a notice in the Federal Register "of the existence and character of TVA's systems of records." [*Id*.]. The TVA explained that the notice "lists the systems (categories) of records maintained by" it "and routine uses for each system (category) of records." [*Id*.]. It further explained that personnel records are designated as "SytemsTVA-2," which includes "information related to education; qualifications; work history; interests and skills; test results; performance evaluation; career counseling; personnel actions; job description; salary and benefit information; service dates, including other Federal and military service; replies to congressional inquiries, medical data; and security investigation data." [*Id*. (citing 80 F.R. 24013)]. But, according to the TVA, employees' home addresses are not listed as information collected or maintained in its personnel files, and this information was therefore not disclosed in its notice. [*Id.*].

---

[2] Ms. Fritts cites § 552a(b)(12) as the "Court Order Exception" [Doc. 86 at 8; Doc. 146 at 11], but she appears to miscite this subsection because any reference to that exception is in § 552a(b)(11) of the Privacy Act.

4

Under the second prong, the TVA argued that, even if this information was "incidentally contained in" those records, the routine-use exception would not apply if the disclosure would not be compatible with the purpose of the information's collection" because "the stated purpose for the TVA's system of personnel records is not to establish a contact information database." [*Id*. at 2–3 (citation omitted)]. The stated purpose for the TVA's system, rather, "is to provide a repository of personnel records, performance reports, events, developments, contract arrangements and *other significant matters relating to an employee's employment with TVA*." [*Id*. at 3 (emphasis in original) (citing 80 F.R. at 24013)]

Magistrate Judge Poplin, in her memorandum and order granting the TVA's motion, characterized the "only issue before" her as whether the TVA's "designation of TVA Employee PII is appropriate under" her protective order [Doc. 130]. Ms. Fritts has timely objected to her ruling. Having carefully reviewed and considered Ms. Fritts's objections, the Court is now prepared to rule on them.

## II. STANDARD OF REVIEW

A federal magistrate judge has "broad discretion to regulate nondispositive matters." *Diorio v. TMI Hosp.*, No. 4:15-cv-1710, 2017 WL 1399869, at *2 (N.D. Ohio Apr. 19, 2017) (quotation omitted). When reviewing a magistrate judge's recommendation on a non-dispositive issue, the Court must accept it unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This standard of review is "highly deferential" to the magistrate judge's decision-making authority, *Diorio*, 2017 WL 1399869 at *2 (quotation omitted), and "[t]his standard requires the District Court to review findings of fact for clear error and to review matters of law de novo," *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quotation omitted).

5

Case 3:24-cv-00037-DCLC-DCP   Document 182   Filed 08/26/25   Page 5 of 18
PageID #: 3184

A magistrate judge's findings of fact are "clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985), and a magistrate judge's legal rulings are contrary to law when she either "fails to apply or misapplies relevant statutes, case law, or rules of procedure," *Bisig*, 940 F.3d at 219 (internal quotation marks and quotation omitted). The Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

### III. ANALYSIS

#### A. Objection 1: Enforceability of Rule 26(a)

Ms. Fritts argues that Magistrate Judge Poplin "creates a loophole in Rule 26(a)(1) & (a)(2) allowing TVA or any governmental agency to disregard Rule 26 under its rulings (Docs 129 and 130) until they procure a protective order." [Doc. 146, at 6]. For this reason, she claims that Magistrate Judge Poplin erred "by holding that Rule 26(a) is now unenforceable against government and quasi governmental agencies (TVA) due to the Privacy Act" [*Id*.].

In this portion of her objection, Ms. Fritts, however, does not provide pinpoint citations to Magistrate Judge Poplin's decision or address specific concerns in her analysis. [*Id*.]. Ms. Fritts's objection, therefore, reads as a mere disagreement with Magistrate Judge Poplin's decision. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."); *see McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory matter, unaccompanied by some effort at developed argumentation, are deemed

6

waived. It is not sufficient for a party to mention a possible argument in the most skeletal way[.]"). Her objection, therefore, is overruled as improper.[3]

### B. Objection 2: Whether the Privacy Act "Trumps" Rule 26

Ms. Fritts claims that Magistrate Judge Poplin erred in her ruling because she "apparently allow[ed] the Privacy Act to trump Rule 26." [Doc. 146 at 6]. In her opposition to the TVA's motion, Ms. Fritts cited 28 U.S.C. § 2072 as authority for her position that Rule 26(a) "trumps other statutes and laws," including the Privacy Act. [Doc. 86 at 11]. She also insisted that she is entitled to the TVA employees' home addresses under Rule 26(a), and she cited *In re National Prescription Opiate Litigation*, 956 F.3d 838, 844 (6th Cir. 2020), in support of her position that Rule 26 has the force of law. *See* [*id.* ("'Promulgated pursuant to the Rules Enabling Act, 28 U.S.C. § 2072, those Rules [the Federal Rules of Civil Procedure] are binding upon courts and parties alike, with fully the force of law.'" (quoting *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 844))].

Magistrate Judge Poplin determined that Ms. Fritts's argument "misse[d] the mark" because the TVA did "not seek to withhold any discoverable information." [Doc. 130 at 5]. Rather, the TVA, Magistrate Judge Poplin wrote, requested that the information that it has already produced to Ms. Fritts "be maintained as confidential" pursuant to her protective order. [*Id.*]. Magistrate Judge Poplin cited *Mannon v. VAMC Ann Arbor*, No. 23-CV-12612, 2025 WL 1439579 at *2 (E.D. Mich. May 16, 2025), to show that district courts have authority to fashion a protective order when, as here, information, subject to Rule 26(a) is protected under the Privacy Act. [*Id.* (stating that "'[a]lthough the Privacy Act does not exempt relevant materials from production

---

[3] Ms. Fritts also mischaracterizes Magistrate Judge Poplin's ruling. Magistrate Judge Poplin did not "hold[] that Rule 26(a) is now enforceable against government and quasi governmental agencies." [Doc. 146 at 6]. For the reasons discussed in this Opinion, her reasoning for granting the TVA's motion has support in case law.

7

under Rule 26, courts have ample discretion to fashion appropriate protective orders upon a showing of good cause'" (quoting *Mannon* 2025 WL 1439579 at *2 (internal quotation marks and citation omitted)))].

Ms. Fritts neither cites any case law that undermines Magistrate Judge Poplin's legal conclusion nor argues that Magistrate Judge Poplin, in citing *Mannon*, reached a conclusion that is clearly erroneous or contrary to law. In addition, Ms. Fritts's objection—which is one sentence in length—reads as a retread of the same argument that Ms. Fritts previously raised before Magistrate Judge Poplin in her opposition to the TVA's motion. *Compare* [Doc. 86, at 11 (stating that "Rule 26 trumps other statues and laws which would include Plaintiff's Privacy Act argument"), *with* Doc. 146 at 6 ("The magistrate errs in its decision to apparently allow the Privacy act to Trump Rule 26[.]"]. Her objection is therefore improper. *See Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("[A]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." (citing *Howard*, 932 F.2d at 509)).

In any case, the Court will endeavor to address the legal authority—28 U.S.C. § 2072 and *In re National Prescription Opiate Litigation*—that Ms. Fritts *did* cite in her opposition. Section 2702(a) states that "[t]he Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts." The statute's language does not even hint that Rule 26(a)'s initial-disclosures requirement "trumps" the nondisclosure requirements under the Privacy Act. In addition, the Court finds that *In re National Prescription Opiate Litigation* is not "on point in" her case, as she claims. [Doc. 86, at 10]. Stated another way, it is not an example of a case in which a district court "apparently allow[ed] the

8

Case 3:24-cv-00037-DCLC-DCP   Document 182   Filed 08/26/25   Page 8 of 18
PageID #: 3187

Privacy Act to trump Rule 26," as Ms. Fritts asserts that Magistrate Judge Poplin did here. [Doc. 146, at 6].

In *In re National Prescription Opiate Litigation*, the Sixth Circuit determined that the district court "disregard[ed]" the Federal Rules of Civil Procedure for reasons that do not apply here. 956 F.3d at 844. The petitioners—twelve retail pharmacy chains—sought a writ of mandamus from the Sixth Circuit, arguing that the district court "disregarded or acted in flat contradiction to" the Federal Rules of Civil Procedure when it allowed the respondents, two Ohio counties, to amend their complaint "almost 19 months after the court's deadline for amendments." *Id*. at 841. The district court, nonetheless, granted the respondents' motion to amend without even considering whether they were diligent in attempting to meet the original deadline under Rule 16(b). *Id*. at 843 ("The district court could grant the Counties [respondents'] leave to amend their complaints only if the Counties showed 'good cause for their failure to make the amendments 19 months earlier." (citing Fed. R. Civ. P. 16(b)(4)); *id*. at 844 ("[T]he district court's stated basis for finding 'good cause' . . . is simply no substitute for the showing of diligence required by the Rule."). In its reasoning, the Sixth Circuit explained that pursuant to 28 U.S.C. § 2072, the Federal Rules of Civil Procedure "are binding upon the court and parties alike[.]" *Id*. The Sixth Circuit held that the district court erred in its "mistake [] to think it had authority to disregard the Rules' requirements[.]"

To the extent that Ms. Fritts, in citing *National Prescription Opiate Litigation*, claims that Magistrate Judge Poplin "disregarded or acted in flat contradiction" to Rule 26, the Court disagrees. 956 F.3d at 841. Magistrate Judge Poplin ordered the TVA to provide the home addresses of its employees to Ms. Fritts—disclosures that Ms. Fritts *is* entitled to under Rule 26(a)(1)(A)(i)—albeit subject to a protective order under Rule 26(c). *See* [Doc. 43 at 9 ("Given

9

Plaintiff's agreement to produce the home addresses, the Court ORDERS it to do [so] within five days of entry of a protective order."); *see also* Fed. R. Civ. P. 26(a)(1)((A) ("[A] party *must*, without waiting a discovery request provide to the other parties: (i) the name and, if know, the address and telephone number of each individual likely to have discoverable information[.]" (emphasis added)). Again, Magistrate Judge Poplin cited case law recognizing that "the Privacy Act does not exempt relevant material from production" and that "courts have 'ample discretion to fashion appropriate protective orders." [Doc. 130 at 5 (citing *Mannon*, 2025 WL 1439579 at *2 (internal quotation marks and citation omitted))].

Also, Rule 26(c) permits a court to issue a protective order "if justice requires and to protect individuals from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting Fed. R. Civ. P. 26(c)). Magistrate Judge Poplin demonstrated that she was mindful of Rule 26(c) because she explained the implications that could arise if the TVA disclosed records protected under the Privacy Act—implications that are grounded in law *See* [Doc. 130, at 5 ("'This prohibition [against disclosure under the Privacy Act] is not toothless, and disclosure of records in violation of this provision can be met with civil and criminal penalties.'" (quoting *BNSF Ry. Co. on behalf of United States v. Ctr. for Asbestos Related Disease, Inc.*, No. CV 19-40, 2022 WL 20358299, at *1 (D. Mont. Aug. 16, 2020)). Magistrate Judge Poplin also cited an additional decision in support of her finding that a federal employee's home address also "appear[ed] to fall within" information protected from nondisclosure under the Privacy Act. [*Id.* (citing *U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 494 (1994))].

In sum, Ms. Fritts's contention that Magistrate Judge Poplin "apparently allow[ed] the Privacy Act to trump Rule 26" is meritless. [Doc. 146, at 6]. She also fails to cite any case law in

10

this portion of her objection that undermines Magistrate Judge Poplin's ruling. She therefore has not met her burden of showing that Magistrate Judge Poplin clearly erred or that her decision was contrary to law in grating the TVA's motion "authorizing the continued designation of the home addresses of TVA employees as confidential information." [Doc. 80, at 1].

C. **Objection 3: The TVA's Burden of Proof and Its "Good Faith" Requirement**

Ms. Fritts claims that Magistrate Judge Poplin erred in failing to hold the TVA to its "burden of proof" and "good faith" requirement "in seeking the continued designation" of the TVA employees' home addresses as confidential. [Doc. 146, at 2–3, 6–7]. Ms. Fritts argues that the TVA, to show good faith, had to ask its employees for "written consent" to release their home addresses, [*id.* at 7 (citing 5 U.S.C. § 552a(b))], "which would avoid this entire discovery dispute," [Doc. 40, at 3]. The statute provides, in relevant part, that:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains[.]

5 U.S.C. § 552a(b). Ms. Fritts directs the Court to a footnote in Magistrate Judge Poplin's decision, in which she wrote:

> Defendant Fritts also states that Plaintiff fails to contend it sought waiver of the Privacy concerns it raises from the individual pursuant to 5 U.S.C. § 552a(b). But this statute does not appear to require Plaintiff to do so.

[Doc. 146, at 7 (quoting Doc 130, at 6 n.4)].

Magistrate Judge Poplin mentions good faith and the burden of proof in paragraphs three and eleven of her protective order, respectively:

> By identifying a Document or portion of a Document as "Confidential," a Producing Party may designate any Document (including interrogatory responses, other discovery responses, or

11

>     transcripts) that it in good faith contends to constitute or contain Confidential information . . . . The Producing Party or the Party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

[Doc. 45 ¶¶ 3, 11].

In her decision, Magistrate Judge Poplin cited these paragraphs of the protective order as well as case law showing that a federal employees' home address is a "record" protected under the Privacy Act. *See* [Doc. 130, at 5 ("A federal employee's home address appears to fall within this category." (citing *U.S. Dep't of Def.*, 510 U.S. at 494 ("The employee addresses sought by the unions are 'records' covered by the broad terms of the Privacy Act."))]. In addition, she cited case law indicating that "other courts have entered protective orders to maintain the confidentially of discovery protected under the Privacy Act." [*Id*. at 6 (citing *United States v. Rhodes*, No. CV 21-110, 2023 WL 4275494, at *1 (D. Mont. Apr. 24, 2023) (finding entry of a protective order "appropriate" under Rule 26(c) because the "[d]iscovery materials may also contain information and evidence protected by the Privacy Act, 5 U.S.C. § 552a") (internal quotation marks and citation omitted))].

So, as is apparent from Magistrate Judge Poplin's reasoning, she *did* determine that the TVA made a "good faith" showing that its employees' home addresses "constitute[d] or contain[ed] Confidential information," and that the TVA met its burden of proving "that the information in question is within the scope of protection afforded by" Rule 26(c). [Doc. 45]; *see* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"); *see also Kyle v. Fed. Trade Comm'n*, No. 21-MC-9004, 2021 WL 1407960, at *3, *5 (W.D. Mo. Apr. 14, 2021) (determining that "the individuals' privacy interests," protected under the Privacy Act, "do not

outweigh the need for discovery[,]" and "any concerns can be adequately addressed by a protective order"). Ms. Fritts's contention that Magistrate Judge Poplin, in granting the TVA's motion, erred in failing to hold the TVA to its "burden of proof" and "good faith" requirement is therefore without merit.

In addition, Ms. Fritts has not shown that Magistrate Judge Poplin erred in her reasoning that the Privacy Act does not "appear" to mandate that the TVA ask its employees for written consent to release their home addresses before it seeks a protective order. [Doc. 130 at 6 n. 4]. The Court can glean nothing from 5 U.S.C. § 552a(b)'s language that even hints that a federal agency must make such a showing, and Ms. Fritts does nothing even to suggest otherwise. And although Ms. Fritts insists "it is bad faith not to request [written consent]," she does not cite any case law to support that assertion. [Doc. 146 at 7]. Magistrate Judge Poplin therefore did not clearly err or act contrary to law.

### D. Objection 4: "Distinguishable Cases"

Next, Ms. Fritts argues that Magistrate Judge Poplin erred because she relied on "distinguishable cases to corrupt Rule 26(a)." [Doc. 146 at 10]. According to Ms. Fritts, four opinions that Magistrate Judge Poplin cited are inapposite to this case because "[t]here is no indication in any of the cases cited . . . related to the Privacy Act that they dealt with Rule 26(a)1) [sic] & (a)(2) disclosures." [*Id*. at 9 (citing "*Gary*, *Laxalt*, *Mehrrafiee*, *Rhodes*")]. She states that "[t]here is a huge difference between disclosures mandated by 26(a)(1) and (a)(2) for all litigants and case by case discovery." [*Id*. at 10]. And four cases that Magistrate Judge Poplin cited in a footnote, Ms. Fritts argues, are not relevant because they involved "much broader discovery requests than here." [*Id*.].

13

Magistrate Judge Poplin cited *Gary* to show that "even when courts order production of information subject to the Privacy Act, this does not mean a protective order is not appropriate." [Doc. 130, at 6 ("'The fact that a document is subject to the Privacy Act is not, however, irrelevant to the manner is which discovery should proceed.'" (quoting *Gary*, 1998 WL 834853 at *4))]. She also cited *Mehrrafiee* and *Rhodes* as examples of "other courts [that] ha[d] entered protective orders to maintain the confidentiality of discovery protected under the Privacy Act." [*Id.* (citing *United States v. Mehrrafiee*, No. 2:25-CR-00126-CV, 2025 WL 1639409, at *1 (C.D. Cal. June 9, 2025); *Rhodes*, 2023 WL 4275494 at *1)].[4]

The parties in *Gary* and *Mehrrafiee*, admittedly, did not involve discovery disputes under Rule 26(a). In *Gary*, the plaintiff sought documents that were "relevant . . . to the discovery of admissible evidence under Fed. R. Civ. P. 26(b)(1)." *Gary*, 1998 WL 834853 at *2 (emphasis added). The plaintiff, specifically, sought the defendant's employee's personnel file, and the defendant claimed, in relevant part, that these documents were "prohibited from disclosure under the Privacy Act, 5 U.S.C. § 552a(b)." *Id*. And in *Mehrrafiee*, the government moved for a protective order to safeguard personally identifying information under Federal Rules of Criminal Procedure 16(d)(1) and (2)—information that, it argued, "may contain information within the

---

[4] Magistrate Judge Poplin, in a footnote, cited additional cases as examples of "other courts [that] ha[d] entered protective orders to maintain the confidentially of discovery protected under the Privacy Act." [Doc. 130 at 6; *id.* at 6 n. 5 (citing *Kyle, v. Fed. Trad Comm'n*, No. 21-MC-9004, Doc. 22, at 7, 10 (W.D. Mo. Apr. 29, 2021) (determining that the disclosure of individuals' phone numbers are protected under the Privacy Act but that "any potential harm" from that disclosure "will be adequately protected by a protective order"); *Pearlstein v. BlackBerry Ltd.*, No. CV 19-MC-91091, 2019 WL 6117145, at *1 (D. Mass. Nov. 18, 2019) (involving a discovery dispute about documents that the FBI claimed were protected under the Privacy Act); *Alabama & Gulf Coast Ry., LLC v. United States*, No. CA 10-0352, 2011 WL 1838882, at *5 (S.D. Ala. May 13, 2011) (ordering the government to produce an employee's personnel file over Privacy Act objections but pursuant to a protective order); *Hernandez v. United States*, No. CIV. A. 97-3367, 1998 WL 230200, at *3 (E.D. La. May 6, 1998) (overruling the government's Privacy Act objection to producing personnel files but finding that they were subject to a protective order)].

14

scope of the Privacy Act." *United States v. Mehrrafiee*, No. 2:25-CR-00126-CV, 2025 WL 1639409, at *1 (C.D. Cal. May 9, 2025).

Although *Gary* and *Mehrrafiee* are not necessarily on point, *Rhodes* is. In *Rhodes*, the parties, like the TVA and Ms. Fritts, agreed to exchange initial disclosures under Rule 26(a)(1). *See Rhodes*, No. 9:21-cv-00110-DLC, Doc. 40, at 2 (D. Mont. Mar. 14, 2023) ("The parties shall exchange initial disclosures[.]") *see id.* Doc. 33 at 2 ("[T]he parties agreed to complete initial disclosures[.]" The government subsequently moved for a protective order under Rule 26(c) on the grounds that "[d]iscovery materials may [] contain information and evidence protected by the Privacy Act, 5 U.S.C. 552(a)." *Rhodes*, No. 9:21-cv-00110-DLC, Doc. 48-2, at 3 (D. Mont. Apr. 14, 2023). And some of the information subject to that protective order included personally identifiable information such as the "home street address[es]" of non-parties—information subject to initial disclosures under Rule 26(a)(1)(A)(i). *Id.* at 5. The district court determined that a protective order was "appropriate." *Rhodes*, No. 9:21-cv-00110-DLC, Doc. 52, at 2 (D. Mont. Apr. 24, 2023); *Rhodes*, 2023 WL 4275494 at *1. *Rhodes*, therefore, especially lends support for Magistrate Judge Poplin's legal conclusion, and Ms. Fritts points to no case law showing that Magistrate Judge Poplin's ruling is clearly erroneous or contrary to law. The Court therefore has no basis to disturb her ruling.

### E. Objection 5: Alleged "Ethics Violation" and Whether the TVA's Employees are Third Parties

Ms. Fritts argues that the TVA "should have to meet a burden of proof to show that employees are Third Parties." [Doc. 146 at 10]. She also references the TVA's alleged "threat[]" against her attorney to file an ethics violation if he contacts the TVA's employees. [*Id.*].

This objection is improper because Ms. Fritts does not cite Magistrate Judge Poplin's decision, let alone identify specific errors in her analysis. *See Twafiq v. Hines*, No. 22-cv-10328,

15

2022 WL 17852032, at *3 (E.D. Mich. Dec. 22, 2022) ("By failing to identify any discrete issue or present any developed factual or legal basis in support of his general 'objection,' Plaintiff has waived any objection to the substantive analysis of the Magistrate Judge's Report and Recommendation."). The Court, therefore, "is left to guess" which portions of Magistrate Judge Poplin's decision Ms. Fritts is claiming are erroneous. *Hill v. Klee*, No. 10-14674, 2014 WL 555197, at *1 (E.D. Mich. Feb. 12, 2014); *see Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995) ("[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Her objection, therefore, is overruled as improper.

### F. Objection 6: Statutory Exceptions Under 5 U.S.C. § 552a(b)(1)–(b)(13)

Next, Ms. Fritts faults Magistrate Judge Poplin for "fail[ing] to state that this case did not consider the exceptions under the Privacy Act." [Doc. 146 at 10]. In other words, Ms. Fritts claims that Magistrate Judge Poplin erred because she did not address all thirteen statutory exceptions under § 522a(b)(1)–(13). Section (b) of this statute provides thirteen exceptions to the requirement that an agency must, ordinarily, obtain "a written request by, or with the prior written consent of, the individual to whom the record pertains." *Id*.

But Ms. Fritts, in her opposition, did not call Magistrate Judge Poplin's attention to every statutory exception under § 522a(b). [Doc. 86]. She relied on the "Routine Use" exception under § 552a(b)(3) and the "Court Order Exception" under § 522a(b)(11). [*Id*. at 8–9, 11]. To the extent that Ms. Fritts now, for the first time in her objections, argues that all thirteen apply, her argument is a non-starter. *See Bisig*, 940 F.3d at 218 (stating that "parties are precluded from raising new arguments or issues that were not presented to the magistrate" (internal quotation marks and citation omitted)). This objection, too, is overruled as improper.

### G. Objection 7: Routine-Use Exception Under 5 U.S.C. § 552a(a)(7) and (b)(3)

As to Ms. Fritts's final objection, she contends that Magistrate Judge Poplin erred in her "Routine Use Analysis." [Doc. 146, at 11]. Magistrate Judge Poplin agreed with the TVA's position that its employees' home addresses were not subject to the routine-use exception under § 552a(a)(7) and (b)(3). In her decision, she explained that the routine-use exception applies when (1) the agency's disclosure "fall[s] within the scope of one of the routine uses published in the Federal Register[,]" and (2) the agency's disclosure is "compatible with the purpose for which [the record] was collected." *Anderson v. UPS*, No. 1:17-CV-00125, 2018 WL 10761923, at *2 (W.D. Ky. Jan. 5, 2018), *report and recommendation adopted*, No. 1:17-CV-00125, 2018 WL 10772025 (W.D. Ky. Feb. 13, 2018)). She agreed with the TVA's position that the first prong of the routine-use exception did not apply:

> Plaintiff represents that "TVA published a notice in the Federal Register of the existence and character of TVA's systems of records" [Doc. 87 p. 2 (citation omitted)]. "Personnel records are designated as 'System TVA-2[,]'" but Plaintiff states "an employee's home address is not listed as information collected or maintained in TVA personnel file" [*Id.*].

[Doc. 130 at 7].

Although Ms. Fritts quotes the two-prong test that Magistrate Judge Poplin referenced in her decision, she does not explain why Magistrate Judge Poplin's analysis is clearly erroneous or contrary to law. [Doc. 146 at 11–12]. This objection, therefore, reads as a mere disagreement with Magistrate Judge Poplin's ruling, and so it too is not a proper objection. *See Brown*, 2017 WL 4712064 at *2 ("[A]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." (citing *Howard*, 932 F.2d at 509)).

17

Case 3:24-cv-00037-DCLC-DCP   Document 182   Filed 08/26/25   Page 17 of 18
PageID #: 3196

## IV. Conclusion

Ms. Fritts fails to meet her burden of showing that Magistrate Judge Poplin clearly erred or acted contrary to law. Her objections [Doc. 146] are therefore **OVERRULED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge