UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, upon relation and for the use of the TENNESSEE VALLEY AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>AN EASEMENT AND RIGHT-OF-WAY OVER 0.98 ACRES OF LAND, MORE OR LESS, IN KNOX COUNTY, TENNESSEE, and JOYCE FRITTS, Trustee of the Joyce Fritts Family Trust, a Revocable Living Trust,<br><br>Defendants. | ) | No. 3:24-CV-00037-DCLC-DCP |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Joyce Fritts's Motion to Compel Plaintiff to Pay Mr. Bonneville's Fees and Expenses in Responding to Discovery [Doc. 194], United States Magistrate Judge Debra Poplin's Report and Recommendation [Doc. 219], Ms. Fritts's Objections [Doc. 226], Plaintiff the United States of America's Response [Doc. 232], and Ms. Fritts's Reply [Doc. 235]. For the reasons below, the Court will overrule Ms. Fritts's objections.

## I. BACKGROUND

The United States brought this action for the taking of property under the power of eminent domain. [Compl., Doc. 1]. The parties proceeded to trial last year on the sole issue of just compensation for the taking of Ms. Fritts's property, and the jury awarded her $169,612.50 in just compensation. [Verdict Form, Doc. 187]. After the trial, Ms. Fritts moved the Court to order the United States to pay the costs and fees of her expert appraiser, Gregory Bonneville, who offered his opinion at trial on the subject property's value before and after the taking.

The parties now dispute whether Mr. Bonneville's costs and fees are recoverable under Federal Rule of Civil Procedure 26(b)(4)(E)(i), and Ms. Fritts has moved the Court to compel the United States to pay them. Magistrate Judge Poplin recommends the Court grant in part and deny in part Ms. Fritts's motion to compel. Ms. Fritts has timely objected to her report and recommendation.

## II. STANDARD OF REVIEW

A federal magistrate judge has "broad discretion to regulate nondispositive matters." *Diorio v. TMI Hosp.*, No. 4:15-cv-1710, 2017 WL 1399869, at *2 (N.D. Ohio Apr. 19, 2017) (quotation omitted). When reviewing a magistrate judge's recommendation on a non-dispositive issue, the Court must accept it unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Equal Emp. Opportunity Comm'n v. Heartland Auto. Servs., Inc.*, No. 12-2054-STA-dkv, 2013 WL 12043556, at *1 (W.D. Tenn. Sept. 12, 2013) (treating a motion under Rule 26(b)(4)(E) as a non-dispositive matter and applying a clearly erroneous standard of review to the magistrate judge's report and recommendation); *Smith v. N.Y. Presbyterian Hosp.*, No. 05 Civ. 7729(RJS)(DF), 2012 WL 4903256, at *1 n.2 (S.D.N.Y. Oct. 12, 2012) (recognizing that a motion "under Fed. R. Civ. P. 26(b)(4)(E) is appropriately characterized as a non-dispositive discovery motion" (citations omitted)).

This standard of review is "highly deferential" to the magistrate's decision-making authority, *Diorio*, 2017 WL 1399869 at *2 (quotation omitted), and "[t]his standard requires the District Court to review findings of fact for clear error and to review matters of law de novo," *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quotation omitted). A magistrate's factual findings are "clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," *Heights*

*Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985), and a magistrate's legal rulings are contrary to law when she either "fails to apply or misapplies relevant statutes, case law, or rules of procedure," *Bisig*, 940 F.3d at 219 (internal quotation marks and quotation omitted). The Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## III. ANALYSIS

Rule 26(b)(4)(E)(i) states that "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(a)(4)(A) or (D)[.]" Fed. R. Civ. P. 26(b)(4)(E)(i). The party moving for costs and fees has the burden of showing that (1) the fees were incurred in responding to discovery, *Kohn v. Glenmede Tr. Co., N.A.*, 2019 WL 7372320, at *3 (N.D. Ohio Dec. 31, 2019), and that (2) the fees are reasonable, *Bartlett v. Barbes*, No. 3:18-cv-311, 2020 WL 6785104, at *2–3 (W.D. Ky. Nov. 18, 2020). If the movant satisfies this burden, the non-movant can avoid paying the fees only it shows that the fees are unreasonable or are manifestly unjust. *Premier Dealer Servs., Inc. v. Allegiance Adm'rs, LLC*, No. 2:18-CV-735, 2023 WL 2664411, at *12 (S.D. Ohio Mar. 28, 2023). Magistrate Judge Poplin addressed whether Mr. Bonneville is entitled to recover fees and costs for scheduling his depositions, preparing for his depositions, spending time reviewing his depositions' transcripts and exhibits, and responding to subpoenas.

### A. Scheduling Depositions

Magistrate Judge Poplin concluded that Mr. Bonneville is not entitled to fees and costs for scheduling his depositions because those fees and costs were not reasonable. She noted that Mr. Bonneville's invoice shows that he charged an hourly rate of $150 and that he billed three

hours, or $450, for the scheduling of his three depositions. [R. & R., Doc. 219, at 3, 6]. In this same vein, she noted that Ms. Fritts, in her brief, states that Mr. Bonneville "has a one-hour minimum charge." [*Id.* at 6]. Because Mr. Bonneville charged a fee that "is similar to . . . a flat fee," Magistrate Judge Poplin concluded that it is unreasonable, and she cited case law in which other courts have found flat fees to be unreasonable. [*Id.* at 6–7].

In objecting to Magistrate Judge Poplin's conclusion that Mr. Bonneville's fee is a flat fee and therefore unreasonable, Ms. Fritts argues that "[a] minimum charge of 1 hour is nothing like a 'flat fee.'" [Def.'s Objs., Doc. 226, at 10]. Ms. Fritts cites no case law for this argument, however, and the Court therefore is unable to conclude from it that Magistrate Judge Poplin's characterization of Mr. Bonneville's fee as a flat fee is clearly erroneous or contrary to law. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)); E.D. Tenn. L.R. 7.1(b) (providing that a party's legal brief "shall include the factual and *legal* grounds which justify the ruling sought from the Court" (emphasis added)); *see also AK v. Behav. Health Sys., Inc.*, 382 F. Supp. 3d 772, 775 (M.D. Tenn. 2019) (stating that "when a party fails to respond to an argument, that argument is generally deemed to be unopposed and the proposition conceded" (citing *Humphrey v. United states' Atty' Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008))).

Magistrate Judge Poplin, on the other hand, cited ample case law for her conclusion that flat fees are unreasonable. [R. & R., Doc. 219, at 7]. While Ms. Fritts objects to Magistrate Judge Poplin's reliance on "non-binding district court opinions as binding precedent," [Def.'s Objs., Doc. 226, at 3], this argument is baseless. First, it is a mischaracterization of Magistrate

Judge Poplin's report and recommendation. Magistrate Judge Poplin acknowledged that "[o]ur circuit has little case law on Rule 26(b)(4)(E)." [R. & R. at 4 (quoting *Brown v. Tax Ease Lien Servicing, LLC*, 776 F. App'x 291, 304 (6th Cir. 2019))]. When Sixth-Circuit precedent was available, she cited it; when it was not available, she cited other authority. The federal courts routinely operate this way. *See Lorrison v. Berryhill*, No. 18-cv-10289, 2019 WL 1324247, at *6 n.4 (E.D. Mich. Mar. 25, 2019) ("Thus, the R&R did not improperly rely on persuasive authority. Absent binding precedent, courts and parties are free to turn to persuasive authority."). Second, Ms. Fritts does not identify any on-point Sixth-Circuit precedent that Magistrate Judge Poplin neglected to cite. Ms. Fritts therefore fails to demonstrate that Magistrate Judge Poplin committed clear error or acted contrary to law in addressing fees and costs related to Mr. Bonneville's scheduling of the depositions.

**B. Preparation for Depositions**

Next, Magistrate Judge Poplin concluded that Mr. Bonneville was entitled to fees and costs for preparing for his first and third depositions but not his second. [R. & R., Doc. 219, at 9–10]. In her view, the United States had shown that reimbursement for the second deposition would be manifestly unjust because the second deposition became necessary only after Mr. Bonneville withdrew his first report and issued a second one. [*Id.* at 10]. Although Ms. Fritts strenuously objects to Magistrate Judge Poplin's finding of manifest injustice, Ms. Fritts did not respond to the United States's argument of manifest justice before Magistrate Judge Poplin. Instead, she responds to this argument for the first time before this Court. *See* [R. & R., Doc. 219, at 1, 10 (noting that "Defendant did not file a reply" and that "Defendant does not respond to this argument")].

Ms. Fritts identifies no compelling reason for belatedly raising a counter-argument to the United States's argument of manifest injustice when she failed to raise that counter-argument before Magistrate Judge Poplin. She has therefore waived her objection. *See AES-Apex Emp'r Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) ("[A] district court *never* abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited." (emphasis added) (citation omitted)); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." (citations omitted)).

**C. Review of the Depositions' Transcripts and Exhibits**

Magistrate Judge Poplin went on to conclude that Mr. Bonneville is entitled to partial reimbursement for his review of the depositions' transcripts and exhibits. [R. & R., Doc. 219, at 13–14]. She declined to reimburse him for the costs of ordering the depositions' transcripts, however, because Ms. Fritts also seeks reimbursement of those costs in a bill of costs that she filed with the Court, *see* [Bill of Costs, Doc. 193-1], and because Rule 26(b)(4)(E)(i) typically "requires payment only for an expert's <u>time</u>, not other costs or expenses." [R. & R., Doc. 219, at 14 (quoting *Cash v. Laurnes County*, No. 6:23-CV-1235, 2025 WL 509272, at *4 (D.S.C. Feb. 14, 2025))].

Ms. Fritts contends that Magistrate Judge Poplin "erred" in multiple ways.[1] First, she argues that Magistrate Judge Poplin did not "consider the lengthy exhibits" that Mr. Bonneville reviewed. [Def.'s Objs., Doc. 226, at 11]. Magistrate Judge Poplin, however, did consider the

[1] Ms. Fritts routinely asserts that Magistrate Judge Poplin "erred," but nowhere does she assert that she committed clear error or acted contrary to law.

exhibits, *see* [R. & R., Doc. 219, at 13 ("[T]he Court observes that Mr. Bonneville billed one hour each to review the depositions *and exhibits*[.]" (emphasis added)], so Ms. Fritts's first objection is baseless.

Second, Ms. Fritts maintains that Magistrate Judge Poplin erred by permitting reimbursement of Mr. Bonneville's costs for reviewing the depositions' transcripts but not his costs for ordering the transcripts. [Def.'s Objs., Doc. 226, at 12]. Magistrate Judge Poplin, however, cited persuasive authority for her conclusion that only an expert's time, and not his other expenses, is reimbursable under Rule 26(b)(4)(E)(i). Ms. Fritts, on the other hand, cites no legal authority—binding or persuasive—showing that Magistrate Judge Poplin clearly erred or acted contrary to law by excluding the costs that Mr. Bonneville incurred for ordering the transcripts, and the Court therefore cannot conclude that she committed clear error or acted contrary to law. *See McPherson*, 125 F.3d at 995–96 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)); *see also* E.D. Tenn. L.R. 7.1(b) (providing that a party's legal brief "shall include the factual and *legal* grounds which justify the ruling sought from the Court" (emphasis added)).

And lastly, Ms. Fritts faults Magistrate Judge Poplin for "not fully considering" the costs of the transcripts and "deferring" a determination of those costs to the bill of costs, [Def.'s Objs., Doc. 226, at 12–13], but the Court finds no clear error here either. Magistrate Judge Poplin noted that Ms. Fritts "seeks the costs of the deposition transcripts in the Bill of Costs," in addition to seeking them under Rule 26(b)(4)(E)(i). [R. & R., Doc. 219, at 14]. The costs for transcripts are recoverable in a bill of costs, with the Court's advance authorization. *Guidelines*

*on Preparing Bills of Costs*, Guideline III.D.4.[2] Ms. Fritts cannot recover those costs twice, in her bill of costs *and* under Rule 26(b)(4)(E)(i)—and yet that appears to be her aim. In light of Magistrate Judge Poplin's reliance on persuasive authority showing that costs for transcripts are not typically recoverable under Rule 26(b)(4)(E)(i), *see* [R. & R., Doc. 219, at 14 (citing *Cash*, 2025 WL 509272 at *4)]—legal authority that Ms. Fritts does not refute with any legal authority of her own—the bill of costs is ostensibly the only vehicle through which Ms. Fritts can recover those costs. *See* E.D. Tenn. L.R. 54.1 ("If counsel cannot agree [on costs], a bill of costs *shall* be filed by the prevailing party with the Clerk within 21 days from the entry of judgment." (emphasis added)). Ms. Fritts therefore fails to show that Magistrate Judge Poplin committed clear error or acted contrary to law in addressing fees and costs related to Mr. Bonneville's review of the depositions' transcripts and exhibits.

**D. Responding to Subpoenas**

Finally, Magistrate Judge Poplin decided that Mr. Bonneville is not entitled to recover the costs that he incurred while responding to the United States's subpoenas. In doing so, she acknowledged that courts "appear to be somewhat split" on whether an expert's gathering of documents in response to a subpoena is reimbursable under Rule 26(b)(4)(E)(i), [R. & R., Doc. 219, at 16], but she noted that "courts that have allowed such costs do so because the 'work [can] fairly be characterized as deposition preparation,'" [*id.* at 17 (quoting *Chi. Tchrs. Union, Loc. 1, Am. Fed'n of Tchrs., AFL-CIO v. Bd. of Educ. of City of Chi.*, No. 12 C 10338, 2020 WL 13608315, at *5 (N.D. Ill. May 29, 2020))]. Because Ms. Fritts had "not made such an argument," Magistrate Judge Poplin deemed that Ms. Fritts had waived her request for fees and costs related to Mr. Bonneville's responses to the subpoenas. [*Id.* at 17].

[2] https://www.tned.uscourts.gov/sites/tned/files/guidelines.pdf.

Now, Ms. Fritts complains that "it is incredulous and unreasonable that a subpoena *duces tecum* and the documents provided thereunder, are not related to questions asked at an upcoming deposition." [Def.'s Objs., Doc. 226, at 13]. She insists that "[i]f there [were] any doubt, all the Magistrate needed to do was review the record and trial exhibits related to the appraisals." [*Id.* at 14]. These exhibits, according to Ms. Fritts, are over 400 pages in length. [*Id.* at 13].

"Judges are not like pigs, hunting for truffles buried in [the record]." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Magistrate Judge Poplin was under *no* obligation to tirelessly comb hundreds of pages in the record when Ms. Fritts neither cites to the relevant portions of those pages nor cites legal arguments that make those pages relevant. Throughout this case, Ms. Fritts, through her attorney, has continually raised arguments that lack any legal support whatsoever and read more like personal opinion than legal argumentation, despite the Court's warnings that these types of arguments can have no traction with the Court. *See* [Mem. Op. & Order, Doc. 154, at 5 ("Ms. Fritts claims that Magistrate Judge Poplin committed eleven separate errors. In levying her objections, she cites case law to support only a few of them. The Court will confine its review of her objections to those that she supports with citations to case law.")].

Before Magistrate Judge Poplin, Ms. Fritts raised no argument that Mr. Bonneville's responses to the subpoenas could be "fairly characterized as deposition preparation," [R. & R., Doc. 219, at 17 (quoting *Chi. Tchrs. Union*, 2020 WL 13608315 at *5)], and the Court therefore finds no clear error in Magistrate Judge Poplin's decision that the United States need not pay the fees and costs related to Mr. Bonneville's responses to the subpoenas, *see McPherson*, 125 F.3d at 995–96 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort

at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)); E.D. Tenn. L.R. 7.1(b) (stating that a party's legal brief "shall include the factual and *legal* grounds which justify the ruling sought from the Court" (emphasis added)); *see also AES-Apex Emp'r Servs.*, 924 F.3d at 867 ("[A] district court *never* abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited." (emphasis added) (citation omitted)); *Murr*, 200 F.3d 895, 902 n.1 ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." (citations omitted)).

## IV. CONCLUSION

Ms. Fritts fails to satisfy their burden of showing that Magistrate Judge Poplin clearly erred or acted contrary to law. Ms. Fritts's objections [Doc. 226] are therefore **OVERRULED**, and Magistrate Judge Poplin's report and recommendation [Doc. 219] is **ACCEPTED IN WHOLE**. For the reasons in the report and recommendation, and for the reasons in this Memorandum Opinion and Order, Ms. Fritts's Motion to Compel the United States to Pay Mr. Bonneville's Fees and Expenses in Responding to Discovery [Doc. 194] is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge